LAWRENCE SHROBAR ET AL. *v.* ELSE C. JENSEN ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued April 2—decided April 22, 1969

*Carroll W. Brewster,* with whom, on the brief, was *Donald F. Keefe,* for the appellants (plaintiffs).

*Charles M. Needle,* with whom, on the brief, was *David Goldstein,* for the appellees (defendants Jensen).

KING, C. J. The defendants Else C. Jensen and Christian D. Jensen, hereinafter referred to as the defendants, are the owners of a plot of land in Ridgefield on which they operate a small gasoline filling station. Although this property is in a residential zone and therefore constitutes a nonconforming use, the defendants, in 1967, obtained a variance from the Ridgefield zoning board of appeals which permitted them to replace the existing structure with a modern three-bay service station equipped for minor repairs to automobiles, greasing and lubrication, charging of batteries, changing and sale of tires and the sale of other automotive equipment. The plaintiffs, a group of neighboring landowners, sought to appeal from the granting of the variance, but, owing to the alleged negligence of a deputy sheriff, the appeal process was not served within the time allowed by law, the appeal was dismissed, and no further action has been taken in regard to it.

Subsequent to the dismissal of their appeal, the

plaintiffs instituted the present suit, seeking to enjoin the defendants from carrying out their plans for the service station. The first count of the complaint attacked the adequacy of the public notice of the hearing before the zoning board at which the defendants' application was presented. On this count the court rendered a summary judgment for the defendants. To each of the remaining two counts on which the plaintiffs now rely, concerning claimed misrepresentations made to members of the public and members of the zoning board itself, a demurrer was sustained. From the action of the Superior Court on the foregoing three counts the plaintiffs have appealed. For convenience, we will first consider the court's action in sustaining a demurrer to each of the latter two counts.

In their second count, the plaintiffs alleged that the defendant Else C. Jensen falsely represented to at least one nearby, but unnamed, landowner that the application to the board involved merely a request for permission to make certain minor repairs to the filling station. The plaintiffs further alleged that as a result of this misrepresentation the unnamed landowner did not appear at the hearing to contest the granting of the variance. The trial court sustained a demurrer to this count on the ground that this issue should have been raised by a direct appeal from the action of the board, under General Statutes § 8-8, wherein the plaintiffs would have had the opportunity to introduce evidence of the claimed misrepresentations. The plaintiffs claim that the sustaining of the demurrer was erroneous and that when, through the fraud of one party to an action, a party fails to appear and assert a defense, and judgment is rendered against the nonappearing party, equity will enjoin the prevailing party from taking

advantage of the judgment. The short answer is that it is nowhere alleged that the unnamed landowner is a party to this action or was a party to the attempted appeal to the Court of Common Pleas. Indeed, it is not alleged that the outcome of the hearing would have been affected even if he had been present.

There is much authority for the proposition that, where a party to an action fails to appear and defend because of the misrepresentations of the prevailing party, equity will enjoin the enforcement of the judgment so obtained. *Pearce* v. *Olney,* 20 Conn. 544, 554; Restatement, Judgments § 120 (a); 49 C.J.S. 741, Judgments, § 372; 30A Am. Jur. 735, Judgments, § 801; James, Civil Procedure § 11.7. But in the present case the plaintiffs do not claim that the opportunity to appeal from the action of the zoning board was lost because of the misrepresentations. Rather, they allege that their failure to appeal to the Court of Common Pleas was due to the failure of the deputy sheriff properly to serve the appeal papers. The claims which the plaintiffs are attempting to make in this second count should properly have been made on direct appeal, and, since there was no allegation that the fraud of the defendants prevented the plaintiffs from making those claims on direct appeal, on this ground also the second count of the complaint was legally insufficient, and the demurrer addressed to it was properly sustained.

The third count alleges that at the hearing the defendants' attorney made two misrepresentations of fact. Both statements involved the existing use made of the land rather than the proposed use. The first claimed misrepresentation was that the existing structure was larger than the proposed struc-

ture, and the second was that the present structure was "all gas station" when in fact it was also used for living quarters. The plaintiffs did not allege that the board in reaching its decision relied in any way on these statements. Without such a claim of reliance, count three did not state a cause of action. 30A Am. Jur. 731, Judgments, § 793; see *State* v. *American News Co.,* 152 Conn. 101, 110, 203 A.2d 296; *Jacques* v. *Roy,* 144 Conn. 737, 128 A.2d 530.

Aside from the plaintiffs' failure to allege that the board relied on these claimed misrepresentations, there is substantial authority for a rule that equity will not enjoin the enforcement of a judgment which was obtained by false testimony. Restatement, Judgments § 126 (2) (b);[1] 30A Am. Jur. 731, Judgments, § 793; 49 C.J.S. 745, Judgments, § 374; see James, loc. cit.

Here again the plaintiffs should have raised this claim in a direct appeal from the action of the zoning board.

In the first count, the plaintiffs alleged that the zoning board was without jurisdiction to consider the defendants' application for a variance because the public notice did not adequately apprise interested parties of the action sought from the board. On this count the Superior Court rendered a summary judgment for the defendants. Because this claim goes to the jurisdiction of the zoning board, it was properly considered on its merits in this action despite the plaintiffs' failure to appeal directly from the action of the board. *Scovil* v. *Planning & Zoning Commission,* 155 Conn. 12, 14, 230 A.2d 31; *Aurora* v. *Zoning Board of Appeals,* 153 Conn. 623,

[1] That this rule may be modified in a second edition of the Restatement of Judgments is intimated in the 1948 Supplement to the Restatement on pages 355-57.

625, 220 A.2d 277; *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 93, 111 A.2d 552; see *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 31, 193 A.2d 483.

The public notice stated that the zoning board would "hold a public hearing . . . to hear the Petition of Else C. Jensen[2] for a variance . . . to permit improvement and reconstruction of existing gasoline filling station and appurtenant facilities." The board granted a variance which would permit the defendants to remove the existing structures on the property and replace them with an entirely new station equipped to sell additional products and to provide certain services, all of which constituted an expansion of the prior facilities. The plaintiffs claim that the notice was inadequate because "improvement and reconstruction" do not encompass the changes which were actually sought and authorized. But notice of a hearing is not required to contain an accurate forecast of the precise action which will be taken on the subject matter referred to in the notice. It is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing, if such action seems desirable. *Kleinsmith* v. *Planning & Zoning Commission,* 157 Conn. 303, 310, 254 A.2d 486; *Hawkes* v. *Town Plan & Zoning Commission,* 156 Conn. 207, 212, 240 A.2d 914; *Neuger* v. *Zoning Board,* 145 Conn. 625, 630, 145 A.2d 738. In the present case, notice that a variance was sought to reconstruct and improve the filling station was sufficient to give notice to the public that changes of the general type authorized were to be

[2] The plaintiffs quite properly do not press any claim of deficiency in the public notice based on its failure to name Christian D. Jensen as a coapplicant.

considered. Anyone interested in the precise action sought could have consulted a plot plan showing all the details of the proposed changes which the defendants had filed, several weeks prior to the hearing, in the office of the zoning board. The trial court was not in error in rendering a summary judgment for the defendants on the first count.

There is no error.

In this opinion the other judges concurred.