[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE AND DISMISS (NO. 110 AND 111)
Defendants Donald and Wendy Tragianese [DWT] filed a pleading labeled Motion to Strike [#111]. In the body of the motion DWT asked the court to strike the entire complaint for failure to state a cause of action and also asked the court to dismiss the cause for lack of subject matter jurisdiction.
The form of the motion is defective in several respects. First, it is improper to combine the two motions in one pleading. Our rules provide for seriatim pleading. Practice Book sections 112 and 113. Secondly, a motion to strike claiming legal insufficiency "shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book 154. Thirdly, DWT asked that the entire seven count complaint be stricken when only the first two counts apply to them.
Despite the form defects, subject matter jurisdiction cannot be waived and once it is raised, the court must decide whether or not it has jurisdiction before proceeding. Practice Book 145; Kinney v. State, 213 Conn. 54, 58, (1989). CT Page 5982
The first count of the amended complaint alleges that DWT made certain misrepresentations to plaintiffs which induced them not to oppose DWT's application for a variance to put an addition on a home owned by DWT. Plaintiffs further allege that, contrary to DWT's representation that a one story addition would be constructed, DWT framed a two story addition. Plaintiffs allege that the second story completely blocks their view of Long Island Sound and has substantially diminished the value of their home. Plaintiffs claim that there were several defects in the application and approval process which they would have addressed by way of opposition to DWT's application [and appeal, if necessary] had they known of DWT's intentions to construct a two story addition. This construction was contrary to their representation to plaintiffs and to the Zoning Board of Appeals [ZBA]. Plaintiffs ask for damages in their claim for relief.
Subject matter jurisdiction in the power of the court to hear and determine a cause of action Brown v. Cato, 147 Conn. 418,422 (1960); Samson v. Bergin, 118 Conn. 106 (1951). DWT has advanced no reason why the court has no power to hear and decide a tort claim of intentional misrepresentation, reliance thereon and resulting damages. The court unquestionably has subject matter jurisdiction as to count one.
The second count seeking injunctive relief is also addressed to DWT and is identical to the first count except that paragraph thirty-one of the first count (which alleges intentional misrepresentation and resulting loss) is omitted. The second count essentially alleges that DWT made statements to plaintiffs and to the ZBA which induced plaintiffs to forego any opportunity to oppose the application or appeal its granting. DWT applied for a building permit and filed a two story plan in lieu of the one story plan after the appeal period had expired.
DWT's subject matter attack is premised on their claim that this is, in effect, an appeal from the decision of the ZBA. The action was started well after the statutory time to appeal had run; therefore, DWT argues that the court lacks subject matter jurisdiction.
This claim misses the mark as plaintiffs do not seek in this court to undo the action of the ZBA. Rather, plaintiffs seek to prevent DWT from benefitting [benefiting] from their alleged deceptive conduct. Plaintiffs do not allege that their CT Page 5983 opposition would have led to a denial of the application, or that any appeal from the granting of the application would have been successful. They claim that they were deprived of the opportunity to take these steps by DWT's conduct and that deprivation entitles them to injunctive relief against DWT. In deciding this count the court does not have to pass on the propriety of the ZBA's decision in any respect. Plaintiffs might well prevail by showing the following:
1) But for DWT's representation that the additions would be only one story and the plan submitted with the application showing only one story, plaintiffs would have opposed the application.
2) Plaintiffs would have asked that, even if the applications were to be granted, the addition be limited to the one story shown even though two stories could have been legally permitted.
3) Because a second story would block plaintiff's view of the sound, the ZBA might well have attached that as a condition to granting the application.
4) DWT knew of the likelihood that only one story would be permitted and planned to deceive plaintiff to prevent any opposition to the application or any condition on its approval.
DWT's claim that plaintiffs should have raised their misrepresentation claim by way of an appeal from the ZBA decision overlooks the fact that DWT never revealed any intention to construct two stories until after the appeal period had expired. Shrobar v. Jensen, 158 Conn. 202, (1969) cited by DWT is not on point. In Shrobar, plaintiffs conceded that their appeal was late because of the sheriff's service. They thereafter sought injunctive relief to prevent the successful applicants from carrying out their building plan. Plaintiffs alleged that the applicant made a misrepresentation to an unnamed neighoring [neighboring] landowner about the proposed construction causing that unnamed person not to appear in opposition. The court noted at page 205:
 "The short answer is that it is nowhere alleged that the unnamed landowner is a party to this action or was a party to the attempted appeal to the Court of Common Pleas. . ." CT Page 5984
The court goes on to state:
 There is much authority for the proposition that, where a party to an action fails to appear and defend because of the misrepresentations of the prevailing party, equity will enjoin the enforcement of the judgment so obtained. Pearce v. Olney, 20 Conn. 544, 554; Restatement, Judgments 120(a); 49 C.J.S. 741, Judgments 372, 30A Am. Jur. 735, Judgments, 801; James, Civil Procedure 11.7. But in the present case the plaintiffs do not claim that the opportunity to appeal from the action of the zoning board was lost because of the misrepresentations. Rather, they allege that their failure to appeal to the Court of Common Pleas was due to the failure of the deputy sheriff properly have been made on direct appeal, and, since there was no allegation that the fraud of the defendants prevented the plaintiffs, from making those claims on direct appeal, on this ground also the second count of the complaint was legally insufficient, and the demurrer addressed to it was properly sustained. (Emphasis added.)
Plaintiffs here seek precisely the kind of relief for which there is "much authority" Shrobar, supra. Their situation is analagous to one where a party fails to appear and defend relying on misrepresentations of the party who obtained the judgment in his absence. Enforcement of such a judgment will be enjoined in equity.
The second count is not an attempt to present an appeal in the guise of seeking equitable relief. As this count is not the equivalent of an untimely appeal, the court does indeed have subject matter jurisdiction.
DWT's motion to strike does not say why they claim counts one and two are legally insufficient. From the brief, the claim appears to be basically the same as underlies the motion to dismiss, i.e. a party cannot being an action such as this to test issues which the appeal would have addressed. CT Page 5985
As discussed above, plaintiffs' claims against DWT do not attack the legality or correctness of the ZBA's decision. The claims allege tortious misrepresentation and ask the court to prevent the alleged tortfeasors from benefitting [benefiting] from their actions.
The other defendants are the Zoning Board of Appeals of the Town of Stratford (ZBA), Edward Carroll, the building official of the Town of Stratford and Gary Lorensen, Zoning Enforcement Officer of the Town of Stratford. They all moved to dismiss because the counts against them are, in essence, a time-barred appeal from the decision of the ZBA, therefore, the court lacks subject matter jurisdiction.
These claims do attack the correctness of the ZBA's actions as well as the actions of the other named town officials.
I. THE ZBA
Ordinarily, relief from a decision of a ZBA must be sought by way of a timely appeal from its decision. If an appeal is not timely, the court lacks subject matter jurisdiction. Foran v. Zoning Board of Appeals, 158 Conn. 331, 336, 337 (1969); Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals,195 Conn. 276, 283 (1985).
A claim that goes to the jurisdiction of the ZBA can be brought directly to court even after the appeal period has expired. Shrobar v. Jensen, supra, p. 206. Plaintiffs make such a claim here. They contend that the notice or the hearing and floor plan attached to the application refer to a one story addition. Plaintiffs claim that there was no proper notice of the two story structure applied for and framed after the appeal period expired; therefore, the ZBA lacked jurisdiction and this action is proper. The court agrees. To hold otherwise would put plaintiffs in the "catch 22" position of not opposing or appealing the decision because of reliance on the plan submitted and yet leave them without a legal remedy when a different structure was erected after the appeal time expired.
The motions to strike and dismiss are denied.
E. EUGENE SPEAR, JUDGE CT Page 5986