[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#103)
The plaintiff, William Bieluch, Jr., filed a five-count amended complaint on June 23, 1994 against the defendant, Ana M. Dobensky, for actions arising from allegedly false testimony delivered by the defendant in a divorce action between the CT Page 5163-EEEE plaintiff and Patricia Cook. The defendant filed a motion to strike (#103) counts one through five on June 29, 1994. The plaintiff filed an objection to defendant's motion to strike and a motion to strike defendant's motion to strike (#111 and #111.01) on August 4, 1994. The plaintiff then filed a memorandum in opposition to the motion to strike on September 6, 1994, and the defendant filed a reply on September 12, 1994. The defendant argues that each count fails to state a cause of action. The first count, paragraphs four through eleven, allege that the defendant represented herself as an examiner of questioned documents in the dissolution action of Cook v. Bieluch based upon a certificate from the Institute of Grapho Analysis and the World Association of Document Examiners, but neither program qualifies the defendant as an expert in forged documents. The count then states that she made false representations, the court relied on her representations in making its decision, and plaintiff was deprived of a property right. The second count alleges misrepresentations regarding the plaintiff's testimony as to the quitclaim deed at issue. The third count states an action in Connecticut Unfair Trade Practices Act, General Statutes § 42-110. The fourth count alleges distortion of evidence, negligence and misrepresentation. The fifth counts alleges emotional distress.
As an initial matter, the defendant argues that actions based on representations made in court are barred by privilege. "There is a long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy." (Internal quotation marks omitted.)Petyan v. Ellis, 200 Conn. 243, 245-46, 510 A.2d 1337 (1986). The effect of an absolute privilege is to bar recovery on a claim to which the privilege attaches. Kelley v. Bonney, 221 Conn. 549,565, 571 n. 15, 606 A.2d 693 (1992). The complaint is based upon communications uttered in the course of the dissolution action, and therefore the plaintiff cannot state a cause of action based upon the representations made in court.
The defendant argues that in counts one, two and four, the alleged misrepresented facts were not made to the plaintiff, the plaintiff did not rely on the alleged misrepresentations because he alleges he knew they were false, and the plaintiff was not induced to do anything.
The plaintiff responds[1] by citing the case of Shrobar v.CT Page 5163-FFFFJensen, 158 Conn. 202, 206, 257 A.2d 806 (1969). In Shrobar,
counsel for the defendants made misrepresentations to the zoning board. The plaintiff cites the following: "The plaintiffs did not allege that the board in reaching its decision relied in any way on these statements. Without such a claim of reliance, count three did not state a cause of action." Id. The plaintiff, however, neglected to include the subsequent two sentences: "Aside from the plaintiffs' failure to allege that the board relied on these claimed misrepresentations, there is substantial authority for a rule that equity will not enjoin the enforcement of a judgment which was obtained by false testimony. Here again the plaintiffs should have raised this claim on a direct appeal from the action of the zoning board." (Internal citations omitted). Id. These are claims the defendant should have raised on appeal from the dissolution action.
Furthermore, as the defendant argues, the elements of fraudulent misrepresentation are "(1) a false representation must be made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to her detriment." Dorsey v. Mancuso,23 Conn. App. 629, 633, 583 A.2d 646 (1990). The complaint does not allege that the statement was made to induce the plaintiff to act, nor that the plaintiff relied on the representation. Accordingly, the first count does not set forth the elements for fraudulent misrepresentation. The second count likewise alleges misrepresentations regarding the quitclaim deed, and does not allege that the plaintiff was induced to act and did act to his detriment. The second claim also alleges distortion of evidence. The plaintiff has not set forth an allegation for abuse of process nor made that argument in its memorandum. Accordingly counts one and two are stricken.
The defendant argues that the third count must be stricken because the defendant does not allege trade or commerce nor unfair methods of competition as required under CUTPA. CUTPA provides, "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b; Trade or commerce is defined as the "advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes CT Page 5163-GGGG § 42-110a(4). The complaint does not allege the distribution of any services. The complaint states that the defendant testified at the trial, and that she claimed to be an expert. The complaint does not allege that the testimony was in the course of any trade or commerce, however, and accordingly the third count is stricken.
The fourth count alleges negligence and misrepresentation. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp. 231 Conn. 381,384, 650 A.2d 153 (1994). The plaintiff has not alleged a duty owed by the defendant to the plaintiff. The misrepresentation allegations suffer the same infirmity as the misrepresentations in counts one and two. The fourth count is hereby stricken.
Lastly, the fifth count alleges intentional infliction of emotional distress.[2] The defendant argues that the complaint has not alleged any of the elements for the tort. The plaintiff has alleged all but the second, that the conduct was extreme and outrageous. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Restatement (Second) of Torts, § 46 comment d (1977). The plaintiff alleges that the defendant misrepresented herself as an expert in a judicial hearing, the defendant made false statements with respect to the quit claim deed and created distortions in a copy of the deed at issue, and other allegations relating to which deeds the defendant examined. "Whether conduct is to be considered `extreme and outrageous' in this context is for determination by the court in the first instance." McGrath v. TheYale Corp., Superior Court, Judicial District of New Haven, Docket No. 326144 (May 17, 1993), citing Kirtner v. Nidec-TorinCorp., 622 F. Sup. 112, 114 (D.Conn. 1987). The conduct alleged does not rise to conduct beyond all bounds of decent society, and accordingly the fifth count is stricken.
DEAN, JUDGE