[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 18, 1997
On March 14, 1995, the West Haven Planning and Zoning Commission (the "Commission") adopted a comprehensive set of land use regulations for the Town of West Haven. The plaintiffs in this zoning appeal — Jimmies, Inc., James Gagliardi, and Paul Gagliardi — have a variety of property interests that they say are adversely affected by these new regulations. Their appeal challenges the adoption of the regulations on a number of fronts. For the reasons stated below, however, their challenge, when carefully considered, cannot succeed.
The plaintiffs filed a timely appeal of the Commission's decision to this court. At the hearing, the plaintiff established that they own a number of properties in West Haven that are either themselves affected by at least some of the new regulations or are within one hundred feet of property so CT Page 2633 affected. The plaintiffs are consequently aggrieved persons within the meaning of Conn. Gen. Stat. § 8-8 (1). An important limitation to this conclusion should, however, be noted at the outset. In a predecessor case, Judge Booth observed that, "While the court finds that the plaintiffs are aggrieved, the plaintiffs attempt to raise certain procedural issues which may have no direct bearing on them, and accordingly, the finding of aggrievement should not be interpreted as a blanket finding that the plaintiff[s] have standing to raise all of the issues which they have attempted to raise in the instant appeal." Jimmies,Inc. v. West Haven Planning Zoning Commission, No. 331249, 11 CONN. L. RPTR. 179 (New Haven J.D. March 29, 1994) ("Jimmies I") at 3. That observation is equally pertinent in the context of this case.
The historical background to this case is set forth inJimmies I and need not be repeated. Jimmies I invalidated an earlier set of West Haven land use regulations because of procedural irregularities in their adoption. The set of regulations at issue here represents the Commission's second attempt in this area.
The plaintiffs' first argument is that the Commission failed to consider the character of the district as required by Conn. Gen. Stat. § 8-2. Section 8-2 (a) provides, in relevant part, that "[s]uch regulations shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality." This case has come about because the land use regulations adopted by the Commission, among other things, place significant limits on the development that can occur in a redevelopment area in the Savin Rock section of the city. The plaintiffs had acquired property in this area pursuant to a redevelopment plan and are understandably disappointed that they will now be unable to develop the area to the extent that they had initially contemplated.
"A zoning commission, when amending zoning regulations or passing a zoning change, acts in a legislative capacity, which gives it very broad discretion." Robert A. Fuller, Land Use Lawand Practice § 33.2 (1993). Under these circumstances, the proper scope of judicial review is limited. Protect Hamden/NorthHaven From Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 542, 600 A.2d 1010 (1991). CT Page 2634 "Courts must not disturb the decision of a zoning commission unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally." Burnham v. Planning Zoning Commission, 189 Conn. 261, 266, 455 A.2d 339 (1983). "Within these broad parameters, `[t]he test of the action of the commission is twofold: (1) The zone change must be in accord with a comprehensive plan, General Statutes § 8-2, . . . and (2) it must be reasonably related to the normal police power purposes enumerated in § 8-2 . . .' First Hartford Realty Corporationv. Plan Zoning Commission, 165 Conn. 533, 541, 338 A.2d 490
(1973)." Protect Hamden, supra 220 Conn. at 544.
The plaintiffs' argument that the Commission failed to consider the character of the district must be considered with this case law in mind. The question of what level of development is appropriate in the Savin Rock area is plainly a question as to which reasonable persons may legitimately disagree. More to the point, however, it is a legislative question rather than a judicial question. During its hearing, the Commission heard extensive testimony both for and against the regulations now at issue. James Hill, the City Planner, testified that high density development in the area "would increase rather than minimize potential hazards to life and property" during such events as coastal floods and storms. Ex. U at 7. Beyond this specific concern, the Commission plainly has a broad familiarity with the character of the city and its various neighborhoods. This is an "essentially legislative judgment." Protect Hamden, supra,220 Conn. at 548. It is not so plainly arbitrary as to allow the court to substitute its judgment for that of the Commission.
The plaintiffs next contend that the zone change was not in accord with a comprehensive plan and thus violated the first prong of the First Hartford test described above. Conn. Gen. Stat. § 8-2 (a) expressly requires that "[s]uch regulations shall be made in accordance with a comprehensive plan." The basic purpose of this requirement "is to prevent the arbitrary, unreasonable and discriminatory exercise of the zoning power . . . The requirement serves as an effective brake upon spot zoning." Clark v. Town Council, 145 Conn. 476, 486-87,144 A.2d 327 (1958).
"In the absence of a formally adopted comprehensive plan, a town's comprehensive plan is to be found in the scheme of the zoning regulations themselves." Protect Hamden, supra,220 Conn. at 551. (Citations and internal quotation marks omitted.) "The CT Page 2635 requirement of a comprehensive plan is generally satisfied when the zoning authority acts with the intention of promoting the best interests of the entire community." First Hartford, supra,165 Conn. at 541.
The thrust of the plaintiffs' position is that FirstHartford's requirement of a comprehensive plan is associated with a "rigorous scrutiny by the Court when a Commission changes a zone." Plaintiffs' Brief at 14. They point out that the zone change at issue in First Hartford was accomplished in the context of an extensive commercial study of the area in question,165 Conn. at 536, and suggest that the zoning changes at issue in the instant case can be justified, if at all, only on the basis of similar "rigorous" evidence.
The plaintiffs' approach reads far too much into FirstHartford. Subsequent cases, such as Protect Hamden, emphasize that zoning decisions like the ones at issue here are legislative decisions that require considerable judicial deference. Legislative bodies frequently act on the basis of their judgment unaccompanied by studies of any sort or, in some cases, even an articulated rationale. The purpose of the comprehensive plan requirement is not to tie the Commission's hands but to prohibit spot zoning. "The districts must be described with reasonable certainty and must have definite boundaries so that the regulations may be practically applied." State v. Huntington,145 Conn. 394, 399, 143 A.2d 444 (1958). As Judge Fuller explains, "the comprehensive plan requirement is met even if the regulations are general and not complex as long as they contain (1) adequate information for the determination of the uses permitted and prohibited in each district and (2) adequate information for the determination of what properties in the town fall into each district." Robert A. Fuller, supra, § 4.3. The land use regulations in question here are more than adequately comprehensive and informative to meet this requirement. The FirstHartford criteria are consequently satisfied here.
The plaintiffs further argue that the Commission failed to follow Judge Booth's warning in Jimmies I that the requirements of First Hartford be followed in any rezoning action. Because I have already concluded that the requirements of First Hartford
have been satisfied here, this argument requires no further discussion.
The plaintiffs next contend that the Commission violated the CT Page 2636 notice requirement of Conn. Gen. Stat. § 8-3 (a). That provision requires published notice of any hearing concerning a proposed change of zoning regulations. The alleged procedural irregularity here is more subtle than the irregularities that proved fatal in Jimmies I. The record unambiguously shows that notice was properly given prior to the Commission's March 14, 1995 hearing. The problem is that, at that meeting, the Commission passed certain amendments to the proposal before it prior to its ultimate approval. The plaintiffs claim that these amendments were sufficiently substantial that the Commission, having adopted them, should have given a second notice of the amended proposal prior to final passage.
The record shows that three amendments were passed prior to final approval. These amendments are described in the Commission's minutes as follows:
 1. That the Industrial Plan District (IPD) include hotel and convention centers as of right,
 2. That the recommendation of the Office of Long Island Sound Programs that (high water line) be substituted with high tide line, and
 3. That by right non-conforming uses can increase their gross floor area by 25% as of the date these regulations are adopted, so West Haven can move into the twenty-first (21st) century with no problems whatsoever.
(Ex. R. at 2.)
Under the circumstances of this case, the amendments passed by the Commission did not affect the sufficiency of the notice or the validity of the hearing. It is important to remember that this was a comprehensive zoning revision rather than one affecting a relatively small area. See Robert A. Fuller, supra,
§ 46.5 at 751. "[A]dditional notice ordinarily will not be required when the initial notice is broad enough to indicate the possibility of substantial change and substantial changes are made at the initial hearing of the same fundamental character as contained in the notice." Eugene McQuillin, The Law of MunicipalCorporations § 25.249 at 288 (3d ed. 1994). Accord Heaton v.City of Charlotte, 178 S.E.2d 352, 359-60 (N.C. 1971). "The very purpose of the hearing was to afford an opportunity to interested CT Page 2637 parties to make known their views and to enable the board to be guided by them. It is implicit in such a procedure that changes in the original proposal may ensue as a result of the views expressed at the hearing . . . Notice of a hearing is not required to contain an accurate forecast of the precise action which will be taken upon the subject matter referred to in the notice." Neuger v. Zoning Board, 145 Conn. 625, 630, 145 A.2d 738
(1958). See Shrobar v. Jensen, 158 Conn. 202, 207, 257 A.2d 806
(1969). Given the comprehensive nature of the zoning revision under consideration, the amendments passed were not sufficiently substantial as to require renotice. A contrary rule would make the legislative process excessively cumbersome and expensive. See
1 Arden H. Rathkopf Daren A. Rathkopf, The Law of Zoning Planning, § 10.05 (1994).
Four additional considerations should briefly be noted. First, the plaintiffs were represented by counsel at the March 14, 1995 Commission's hearing, and their counsel participated in that hearing. Under these circumstances, the plaintiffs may be deemed to have actual notice of the amendments passed at that hearing. Annotation. Validity and construction of statutorynotice requirements prerequisite to adoption or amendment ofzoning ordinance or regulation, 96 A.L.R.2d 449, 476 (1964), and authorities cited therein. Second, the plaintiffs do not have standing to contest the first amendment passed, allowing the Industrial Plan District (IPD) to include hotel and convention centers as of right. It is stipulated that no plaintiff owns property within one hundred feet of any IPD. See Conn. Gen. Stat. § 8.8(1): Annotation, supra, 96 A.L.R.2d at 475. Third, the second amendment passed, substituting "high tide line" for "high water line" is a purely technical amendment designed to comport with Conn. Gen. Stat. § 22a-359 (c). The court has not been informed of any adverse practical effects of this amendment. Finally, the third amendment passed, allowing non-conforming uses to increase their gross floor area by 25%, is an amendment thatbenefits the plaintiffs. Their only criticism of this amendment is that it is insufficiently generous.
For the reasons discussed above, the Commission did not violate the notice requirements of § 8-3 by passing the amendments. No second notice was required.
The plaintiffs next claim that the Commission violated the requirement of Conn. Gen. Stat. § 8-3 (c) that whenever a "commission makes any change in a regulation or boundary it shall CT Page 2638 state upon its records the reason why such change is made." The only formal reason stated on the record here is the statement that the regulations in question will enable West Haven to "move into the twenty-first (21st) century with no problems whatsoever." This rationale is concededly general in nature, although one in apparent political vogue. It is well established, however, that even a total failure by a zoning agency to state the reasons for its decision is not fatal. Under these circumstances, the court is required to search the entire record to find a basis for the Commission's decision. Protect Hamden.supra, 220 Conn. at 544. As already discussed, the Commission's decision was a legislative one with an adequate basis in the record.
The plaintiffs' most fundamental claim, in their estimation, involves the tension between the Commission's rezoning decision, done under the authority of Conn. Gen. Stat. § 8-2 (a), and the separate requirement of Conn. Gen. Stat. § 8-136 that any modification of a redevelopment plan done "after the lease or sale of real property in the redevelopment project area . . . must be consented to by the redevelopers of such real property . . . affected by the proposed modification." The record contains no indication that redevelopers affected by the Commission's action in this case have consented to that action. Does this mean that the Commission's action is invalid?
In Jimmies I, Judge Booth held that § 8-136 did not trump § 8-2 (a) in what was, for all practical purposes, this very context. He stated that, "[w]hile the court is sympathetic to the enormous importance which the question presents, both to the City of West Haven and its citizens and to Jimmies, Inc. and its principals, in the absence of Connecticut authority, or at least analogous authority from another jurisdiction, the court finds itself without adequate legal basis to rule that § 8-136
preempts or prohibits zoning amendments in compliance with Chapter 124." Jimmies I, supra, at 11-12.
Given the challenge of this earlier holding, the plaintiffs in this case have labored mightily to find authority for the proposition that § 8-136 controls the statutory field. Their labors have not been successful. They primarily rely upon Dwyerv. Farrell, 193 Conn. 7, 475 A.2d 257 (1984). Dwyer holds that. "[a] local ordinance is preempted by a state statute whenever the legislature has demonstrated an intent to occupy the entire field of regulation on the matter . . . or . . . whenever the local CT Page 2639 ordinance irreconcilably conflicts with the statute." Id. at 14. The case presented here, however, cannot fairly be described as a conflict between a local ordinance and a state statute. The conflict here, rather, is a conflict between two different procedures, both of which are facially mandated by state statute. Pursuant to § 8-2 (a), a zoning commission has broad legislative authority to enact zoning regulations for a town, with no veto power given to any other entity. Pursuant to §8-136, a redevelopment plan may be modified by a redevelopment agency, with at least an implicit veto power given to redevelopers affected by the modification. Dwyer does not reach this type of conflict.
In addition to the precedential concerns cited by Judge Booth, the conflict presented here ought to be resolved by certain fundamental principles. Section 8-2 (a), as mentioned, gives zoning commissions broad legislative powers to regulate the zoning patterns of their respective towns. The redeveloper veto provision of § 8-136, in contrast, is designed to protect the private property interests of redevelopers. While this latter interest is of undoubted importance, it cannot trump the interest of the towns in regulating their zoning pattern. It is well established that when a zoning restriction and a private covenant are in conflict, the more restrictive of the two prevails. 5 Arden H. Rathkopf Daren A. Rathkopf, supra, § 57.02 at 57-5. Here, the land use regulations passed by the town are more restrictive than the redevelopment plan entered into by the redevelopers. Under these circumstances, it is the land use regulation and not the redevelopment plan, that should prevail.
In company with Judge Booth, I find it "inappropriate for the court to express any opinion on Jimmies Inc.'s potential success in a damage suit." Jimmies I at 11. For the reasons stated above, however, I cannot find that noncompliance with § 8-136
invalidates the zoning regulations at issue here.
The plaintiffs' final contention is that the Commission's decision was based on a decision of the West Haven Redevelopment Agency that was made in an executive session held in violation of the public meeting requirement of the Freedom of Information Act, Conn. Gen. Stat. § 1-21 (a). There is no allegation that the Commission itself violated the Freedom of Information Act. The violation was on the part of the Redevelopment Agency.
The record shows that the Redevelopment Agency met on March CT Page 2640 6, 1995, in a meeting that the Freedom of Information Commission subsequently held violated § 1-21 (a). Jimmies, Inc. v. WestHaven Redevelopment Agency, #FIC-95-96 (Freedom of Information Commission, Dec. 13, 1995). At its March 14, 1995 meeting, the West Haven Planning Zoning Commission was informed by City Planner James Hill that the Redevelopment Agency had, at its meeting the previous week, decided not to take a position on the question of whether the new land use regulations would modify the redevelopment plan. Under these circumstances, the Redevelopment Agency apparently took the path of inaction rather than action. The record reveals no affirmative action on the part of the Redevelopment Agency, other than holding the executive session itself. In any event, for reasons already discussed, Redevelopment Agency action — affirmative or otherwise — is not a precondition to a rezoning decision of the Planning Zoning Commission. The plaintiffs' final contention, consequently, cannot succeed.
For the reasons stated above, the appeal is dismissed.
BLUE, J.