SAMUEL NEUGER ET AL. *v.* ZONING BOARD OF THE
CITY OF STAMFORD ET AL.
(two cases)

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

626

Argued October 7—decided October 28, 1958

*John C. Macrides,* with whom, on the brief, were *Donald F. Zezima* and *Ronald M. Schwartz,* for the appellants (plaintiffs) in each case.

*Joseph J. Tooher, Jr.,* with whom was *Lawrence Epifanio,* for the appellees (defendants Cooper et al.) in each case.

*Arthur L. DiSesa,* for the appellees (named defendant et al.) in each case.

MELLITZ, J.   A group of individuals, hereinafter referred to as the petitioners, owned a shopping center in Stamford in an area where, under existing zoning regulations, a package liquor store permit could not be obtained.. Upon their petition, the zoning board approved an amendment of the regulations the effect of which was to exempt shopping centers from the section relating to the dispensing of alcoholic liquors.   The plaintiffs objected to the action of the board, and under the provisions of the Stamford charter the matter was referred to the board of representatives of the city.   26 Spec. Laws 1236, § 553.2.   The failure of the latter board

to take affirmative action to nullify the amendment operated as approval of it. The plaintiffs appealed to the Court of Common Pleas, and from the judgments of that court dismissing their appeals the present appeals have been brought, one involving the action of the zoning board and the other the doings of the board of representatives. Both appeals, by stipulation, have been combined in a single record. A single assignment of errors has been filed. The decision of the questions raised in the appeal from the zoning board is determinative of both appeals as they were presented.

Essentially, the facts are not in dispute. On November 30, 1951, the city of Stamford adopted zoning regulations pursuant to the provisions of chapter 43 of the General Statutes and the Stamford charter. 25 Spec. Laws 444; 26 id. 288 (as amended, 26 id. 1234). Section 14 of the regulations, entitled "Dispensing of Alcoholic Liquors," inter alia prohibited the use of any premises for a package liquor store within a radius of 1500 feet from any other premises similarly used. Stamford Zoning Regs., § 14 (B) (1956). Sometime after the regulations were adopted, the petitioners planned and developed a shopping center in a C-L limited business district. The shopping center was located within 1500 feet of other premises where alcoholic liquor was being sold under a package store permit. To make it possible for them to obtain a package store permit, the petitioners applied to the zoning board in April, 1956, for an amendment either totally eliminating § 14 or causing its provisions to be inapplicable to a package liquor store in a C-L district. The board approved the latter alternative. Objections to the decision brought the matter to the board of representatives of the city, where the amendment was rejected.

On or about August 10, 1956, the petitioners again proposed an amendment, as follows: "1. Amend . . . Section 3, Definitions, by adding the following definition. 'Shopping Center—A group of not less than fifteen (15) contiguous retail stores, all on land under single ownership, having a total ground floor building area of not less than 60,000 square feet, with immediate adjoining off-street parking facilities for not less than 350 automobiles.' 2. Amend . . . Section 14, Dispensing of Alcoholic Liquors, by adding Subsection as follows: 'The provisions of this section shall not apply to a package liquor store located in a shopping center in any district.' "

A public hearing on the proposed amendment was held by the zoning board on November 28, 1956, after published notice reciting the amendment. At the hearing, the amendment was opposed by various groups, including a representative of the Stamford Package Liquor Stores Association. A principal objection was to the proposed definition of a shopping center. It was claimed to be discriminatory in favor of a group of stores under single ownership as distinguished from a similar number of contiguous stores under separate ownership. Strong objection was voiced also to the amendment of § 14 on the ground that package liquor stores in a shopping center, without limit as to number, would be exempt from the regulations governing the dispensing of alcoholic liquors.

The zoning board met and considered the proposed amendment at an executive meeting on December 5, 1956. After a discussion of the objections raised at the public hearing, the board voted to substitute for the phrase "on land under single ownership," in the definition of a shopping center, the phrase "originally planned and developed as a single unit," and

further voted to limit the operation of the amendment of § 14 so that only one package store in a shopping center would be exempt from the provisions of that section. On December 10, 1956, the board caused to be published a public notice that at its meeting on December 5 it had approved the "following application . . . given public hearing on November 28, 1956: 1. Amend . . . Section 3—Definitions, by adding the following definition: 'Shopping Center—a group of not less than 15 contiguous retail stores, originally planned and developed as a single unit, having a total ground floor building area of not less than 60,000 square feet, with immediate adjoining off-street parking facilities for not less than 350 automobiles.' 2. Amend . . . Section 14—Dispensing of Alcoholic Liquors, by adding Sub-Section as follows: 'The provisions of this section shall not apply to one package liquor store located in a shopping center, as defined in . . . Section 3—Definitions, in any district.' " Objections to this decision of the zoning board being filed, the matter was referred to the board of representatives of the city. It failed to take the action required by the charter to nullify the decision, and these appeals followed.

The plaintiffs attack the validity of the amendment on a number of grounds. They contend, first, that the difference between the amendment as originally proposed and set forth in the notice of the public hearing and the amendment as finally enacted was so radical that there was no legal notice or public hearing of the amendment as passed. Section 553 of the Stamford charter requires a public hearing with respect to amendments of the zoning regulations, and § 554 provides that notice of each public hearing shall be given by publishing in an official

paper the time, place and purpose of the hearing. 26 Spec. Laws 1236, 1237. Compliance with the requirements as to notice is a prerequisite to valid action by the board. *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 94, 111 A.2d 552. To be adequate, the notice is required to fairly and sufficiently apprise those who may be affected of the nature and character of the action proposed, to make possible intelligent preparation for participation in the hearing. 2 Merrill, Notice, p. 285; *Winslow* v. *Zoning Board,* 143 Conn. 381, 388, 122 A.2d 789. Here, the notice of the public hearing clearly set forth that the hearing was called to consider an amendment of the zoning regulations which would add to them a definition of a shopping center and further would make possible the location in every such center of a liquor package store. The changes in the language of the amendment as a result of the views expressed at the hearing did not affect the sufficiency of the notice or the validity of the hearing. The very purpose of the hearing was to afford an opportunity to interested parties to make known their views and to enable the board to be guided by them. It is implicit in such a procedure that changes in the original proposal may ensue as a result of the views expressed at the hearing. *Couch* v. *Zoning Commission,* 141 Conn. 349, 358, 106 A.2d 173; *Pecora* v. *Zoning Commission,* 145 Conn. 435, 444, 144 A.2d 48; *Klaw* v. *Pau-Mar Construction Co.,* 50 Del. (11 Terry) 487, 135 A.2d 123. Notice of a hearing is not required to contain an accurate forecast of the precise action which will be taken upon the subject matter referred to in the notice. *Ciaffone* v. *Community Shopping Corporation,* 195 Va. 41, 50, 77 S.E.2d 817.

The minutes of the meeting of the zoning board at which the amendment was voted disclose that the

changes made in the original proposal were the direct result of the objections voiced at the public hearing. The changes did not affect the fundamental character of the proposal for the consideration of which the hearing had been called and advertised. The primary objective of the amendment as proposed was to add to the zoning regulations a new category of business district, the shopping center, and to make it possible to have a liquor outlet in such a center even though there might be another outlet within 1500 feet. The details to be incorporated in the definition of a shopping center were incidental. As originally proposed, the definition called for at least fifteen stores, with a minimum ground floor area of 60,000 square feet and parking facilities for at least 350 automobiles, all to be on land under single ownership. Whether the definition ultimately adopted would require more or fewer stores, a larger or smaller ground floor area, parking facilities for a greater or smaller number of automobiles, or some criterion other than single ownership was merely incidental to the fundamental proposal. The provisions of the Stamford charter relating to notice and a public hearing were complied with, and no further notice or additional hearing was required upon the amendment as altered by the board after the public hearing. *Burlington* v. *Dunn,* 318 Mass. 216, 218, 61 N.E.2d 243; *Walker* v. *Talbot County,* 208 Md. 72, 84, 116 A.2d 393.

The only other contention requiring consideration is that the amendment is invalid in that it unreasonably discriminates in favor of shopping centers as distinguished from other groupings of retail stores and bears no rational relation to the public health, safety and general welfare. Recent years have witnessed the movement of substantial numbers of

people into suburban areas, bringing the use of automobiles and the need for parking facilities into the shopping experience of an ever increasing number. Automobile traffic and automobile parking are problems with which municipal authorities are continuously called upon to deal. The changing trend of living and shopping habits has brought into being shopping centers of various types, some designed primarily to serve the local community and others a wider or regional area. The number of recent cases before us involving such centers is indicative of the extent to which they are being established. *Clark* v. *Town Council,* 145 Conn. 476, 144 A.2d 327; *Pecora* v. *Zoning Commission,* 145 Conn. 435, 144 A.2d 48; *Yurdin* v. *Town Plan & Zoning Commission,* 145 Conn. 416, 143 A.2d 639; *Park Regional Corporation* v. *Town Plan & Zoning Commission,* 144 Conn. 677, 136 A.2d 785; *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 127 A.2d 822. All shopping centers are necessarily required to provide off-street parking for the reasonable accommodation of automobile traffic. To the extent that they contribute to the alleviation of the problems of traffic congestion and parking which otherwise would be presented, it hardly can be questioned that they serve an aspect of the general welfare.

To qualify as a shopping center under the definition which the zoning board voted to adopt, there must be at least fifteen contiguous stores with a minimum ground floor area of 60,000 square feet. Presumably the board determined that a shopping center, if originally planned and developed as a single integrated unit, could be designed to embrace a sufficiently wide diversification of commodities to enable a shopper's requirements to be filled without the necessity of a further stop elsewhere. To

the extent that such a result can be achieved, it is obvious that a shopper's convenience is better served and the problems of traffic and parking lessened. It was not unreasonable for the zoning board to seek to make it possible for liquor to be added to the commodities purchasable at such a shopping center. The board could reasonably have concluded that the predominating purpose of the amendment was to benefit the community as a whole, and its action was not unreasonable or arbitrary even though it results in an incidental benefit to the petitioners. *Levinsky* v. *Zoning Commission,* supra, 125. The question of a desirable definition of a shopping center to serve the needs of Stamford was within the province of the board. It was not unreasonable or discriminatory to incorporate a requirement that the center be originally planned and developed as a unit. Primarily, the question of classification is for the legislative body, and the courts will not interfere unless the classification is clearly unreasonable. *Hoenig* v. *Connelly,* 141 Conn. 266, 274, 105 A.2d 775; *Silver* v. *Silver,* 108 Conn. 371, 378, 143 A. 240. We may assume the existence of any state of facts which can reasonably be conceived of as having motivated the adoption of the definition by the board. *State* v. *Cullum,* 110 Conn. 291, 296, 147 A. 804. We cannot say that there was no reasonable basis for the classification.

The plaintiffs claim further that, no change in conditions having been shown since the rejection by the board of representatives of the earlier amendment, the zoning board acted illegally in voting the present amendment. The zoning board in approving the amendment was acting as a legislative agency of the community. The amendment is of general application throughout the city for the benefit of the com-

munity as a whole. The rejection by the board of representatives of the earlier amendment did not preclude the zoning board from acting favorably on a new amendment if it believed, as it did, that the best interests of the community required the amendment. That determination was within the reasonable discretion of the zoning board. *Winslow* v. *Zoning Board,* 143 Conn. 381, 391, 122 A.2d 789; *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 430, 133 A.2d 612; *Yurdin* v. *Town Plan & Zoning Commission,* supra, 419.

There is no error in either case.

In this opinion the other judges concurred.