[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENT TO MEMORANDUM OF DECISION
On March 11, 1999, a decision was rendered dismissing the complaint in this matter.
 "C.G.S. Section 22a-92 contains over fifty specific polices to guide local development decisions and zone changes within the coastal boundary area."
"What's Legally Required?", by Michael A. Zieke, 5th Edition, D.E.P. p. 82.
The defendant Commission gave the approval of the coastal CT Page 6375 site plan, subject to the conditions set forth.
 I
The defendant Commission gave appropriate notice of the application.
 "The notice given in the case at bar, however, was a proper notice in contemplation of law. It referred to everything upon which the board proposed to act and to which the attention of the public was invited. No one could be misled by the notice, and all affected persons were apprised of the change sought. They were fully and fairly advised of their opportunity to be heard on specific matters; this, it might be added, is the fundamental reason for any requirement of notice."
Winslow v. Zoning Board, 143 Conn. 381, 388, 389.
The case of Timber Trails Corp. v. P Z Commission,222 Conn. 374, 394 cited by the plaintiff, was set aside for failure to include a copy of amendments proposed.
 II
The defendant Commission gave adequate notice to anyone attending the hearing.
In Plaintiff's Reply Brief, dated June 25, 1998, the plaintiff introduced two new issues.
First, she raised a question as to what "CAM" is. Second, she raised a question by "a member of the public", waiting for a continuance wanting to examine the maps on file.
The plaintiff was not heard to request a continuance. Therefore, this claim is without merit.
As to the term "CAM", the section of the zoning code is designated as § 273-91. It is divided into four subsections. Subsection 4, Visual access, is pertinent. In addition, the section makes certain property within the Coastal Boundary Map, subject to the coastal site. The first time the term "CAM" arises in the "Coastal Area Management" ("CAM") in RR-02 in "CAM Forms #1". The second time "CAM" arises in RR-04. This is a letter from CT Page 6376 Mr. Garcia to Attorney Crosby, dated November 12, 1997. The reference is to "CAM Application". The next communication is a letter of December 1, 1997 again between the same parties. Cf. RR-09
 General Statutes § 1-1 (a) provides: "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly."
 "A local ordinance is a municipal legislative enactment and or purposes of appeal is to be treated as though it were a statute."
Duplin v. Shiels. Inc. 165 Conn. 396. 398.
Since the plaintiff introduced the word "CAM" she cannot be heard she was injured by the use of it.
The second point raised is as to who the notice benefits for.
 "To be adequate, the notice is required to fairly and sufficiently apprise those who may be affected of the nature and character of the action proposed, to make possible intelligent preparation for participation in the hearing. 2 Merrill, Notice, P. 285; Winslow v. Zoning Board, 143 Conn. 381, 388 122 A.2d 789." Neuger v. Zoning Board, 145 Conn. 625, 630, 145 A.2d 738.
Kleinsmith v. Planning Zoning Commission, 157 Conn. 303, 310.
 "Anyone interested in the precise action sought could have consulted a plot plan showing all the details of the proposed changes which the defendants had filed, several weeks prior to the hearing, in the office of the zoning board."
Schrobar v. Jensen, 158 Conn. 202, 207-208 (1969).
"There is no claim made that the Campbells did not have adequate time in order to prepare intelligently for the hearing. Lack of personal notice may be waived by the party entitled to it." Palo v. Rogers, 116 Conn. 601, CT Page 6377 605, 165 A. 803; Manners v. Waterbury, 86 Conn. 573.
Schwartz v. Hamden, 168 Conn. 8, 15.
Neither the plaintiff's attorney, Mr. Garcia nor Mr. Pinchbeck, the husband of the plaintiff, raised any claim of jurisdiction.
 III
The defendant Commission did not err in receiving the evidence.
The defendant Friedlaender, was allowed to submit the plans as changed from time to time as was necessary by the public.
Frito Lay, Inc. v. P. Z. Commission, 206 Conn. 554, 567
(1988); Neuger v. Zoning Board, 145 Conn. 625, 630 (1958).
 IV
The record was sufficient to support the defendant Commission's decision.
The plaintiff charged as follows:
1. failure to address soil and erosion issues.
2. failure to address the impact on public views.
 3. failure to find that the septic system violated the public health code.
The record shows as follows:
 a. Margaret Welch of DEP sent a letter to the Commission raising these issues which the plaintiff's engineer agreed to. (RR 101)
 b. the visible impact was found to meet the code requirement. (RR 05)
 c. the public health code is not controlled by the defendant commission.
CT Page 6378 V
The defendant Commission made finding as required by law.
Section 22a-106 (a) states that the Commission shall make a written finding that the proposed activity with any modification be consistent with the goals in Section 22a-92. Section 22a-92 is entitled "Legislative Goals and Policies." The concept proposed for the application was a new one for solid waste. A modification was suggested by DEP. With this addition the application was found complete and the goals and the modification are met.
Connecticut is law consistent in finding decisions like Section 22a-106 (e) to be directory rather than mandatory; Gagnonv. Inland Wetlands and Watercourse Commission, 213 Conn. 604,606-611. When the agency fails to make a finding, the court must search the record to determine if this is an adequate basis for its decision. The includes the reference to the zoning code, together with the details for the disposal system is sufficient.
The Friedlaenders' attorney listed the other charges made by the plaintiff.
1. Sewage disposal system. This condition was corrected by a set of proposals affirmed by the office of DEP.
2. Blocking of visible view. The Commission reviewed this and found the visual access to be adequate. Code, § 273-91D.
3. Sewage disposal plans. A plan for the construction of the system as proposed by DEP was adequate.
 "The Coastal Management Act was expressly concerned with providing uniform standards for evaluating the impact of coastal development, while allowing municipalities to maintain local control over the process."
Read v. Planning and Zoning Commission, 35 Conn. App. 317, 327.
The Commission reviewed the proposals as submitted and approved them.
The plaintiff has deemed those paragraphs abandoned. Curry v.Planning and Zoning Commission, 34 Conn. Sup. 52, 55. CT Page 6379
The appeal is dismissed.
Burns, Judge Trial Referee