[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiffs, Jeffrey S. and Mary E. Beeman, appeal from the decision of the defendant, the Guilford Planning Zoning Commission ("the Commission") granting a special permit to the defendant, SARAH Tuxis Residential Services, Inc. ("SARAH Tuxis", or "the applicant") for a philanthropic and non-profit office use at 45 Boston Street, in the Town of Guilford. The property is in an R-3 Zone.
SARAH Tuxis is a non-profit, philanthropic organization dedicated to providing residential and other services to people with mental disabilities. SARAH Tuxis proposes to use the subject property as its administrative offices.
SARAH Tuxis filed its application for special permit on or about March 12, 1999. A public hearing on the application opened on April 7, 1999, was continued to April 21st, and thence to May 5, 1999, at which time the hearing was completed. A site walk was conducted on May 1st. Following the public hearing, on May 5th, the Commission met and voted, 5-2, to approve the subject application, with conditions. This appeal followed.
 II
Under the Code of the Town of Guilford, Chapter 273, ("Regulations"), Article X the Planning Zoning Commission is empowered to grant applications for special permit where said applications meet the standards and requirements specified in the said regulations. The plaintiffs claim the Commission acted illegally, arbitrarily and in abuse of the discretion vested in it in that:
— the notice of public hearing, required by General Statutes, S.8-3c, was untimely. CT Page 4788
-the action of the Commission, in approving the application, resulted in the creation of an illegal lot.
— the Commission approved said application without reference to, or regard for, the applicable standards.
— the entire application procedure, including the conduct of the public hearing, lacked fundamental fairness to those opposing the application
 III
Judicial review of the Commission's decision is limited to a determination of whether the decision was arbitrary, illegal or an abuse of discretion, Whitaker v. Zoning Board of Appeals,179 Conn. 650, 654. The Commission is vested with a large measure of discretion, and the burden of showing the agency has acted improperly rests upon the one who asserts it, Mario v. Fairfield, 217 Conn. 164,169. Courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution, Burnham v. Planning Zoning Commission, 189 Conn. 261, 266 (citation omitted). There is a strong presumption of regularity in the proceedings of an agency such as the Commission, Frito-Lay, Inc. v. Planning Zoning Commission,206 Conn. 554, 573-74 (citation, quotation marks omitted). Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions. Such caution is particularly appropriate when reviewing the decision of a local land use commission composed of laypersons whose procedural savoir-faire may not rise to the sophisticated level needed to achieve strict compliance with the statutory directions under which they operate.DeBeradinis v. Zoning Commission, 228 Conn. 187, 198-99, n. 7 (citation, quotation marks omitted).
When considering an application for a special permit, a zoning authority acts in an administrative capacity and its function is to determine whether the proposed use is permitted under the regulations and whether the standards set forth in the regulations and statutes are satisfied. It has no discretion to deny a special permit if the regulations and statutes are satisfied, Daughters of St. Paul, Inc.v. Zoning Board of Appeals, 17 Conn. App. 53, 56 (citation omitted). It does have the discretion, however, to determine whether the proposal meets the standards set forth in the regulations, Irwin v.CT Page 4789Planning Zoning Commission, 244 Conn. 619, 628. Commission members may rely on their personal knowledge of the property concerned and other properties in the area, prior applications, and conditions in the community, in reaching a decision on an application, Fuller, Land Use Law and Practice, Conn. Prac., Vol. 9, Section 21.5; Holt-Lock,Inc. v. Zoning Planning Commission, 161 Conn. 182, 191.
Failure of an agency to make findings, even those required by statute or regulation, does not render its decision null and void; rather, the reviewing court must search the record of the hearing before that commission to determine if there is an adequate basis for its decision, Samperi v. Inland Wetlands Agency, 226 Conn. 579,588-89, quoting from Gagnon v. Inland Wetlands WatercoursesCommission, 213 Conn. 604, 611. The reviewing court must sustain the agency's decision if there is substantial evidence in the record to support that decision, Samperi v. Inland Wetlands Agency, supra, at 587-88. Where the Commission does state its reasons for a decision the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Commission is required to apply under the zoning regulations, Irwin v. Planning ZoningCommission, supra, at 629 (citation, quotation marks omitted).
When, as here, the Commission acts in an administrative capacity, the evidence to support any such reason must be substantial, Huck v.Inland Wetlands Watercourses Agency, 203 Conn. 525, 540. The "substantial evidence" standard requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury,Kaufman v. Zoning Commission, 232 Conn. 122, 151. The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence, Samperi v. Inland Wetlands Agency, supra, at 588 (citations, internal quotation marks omitted).
 IV
For reasons stated below, the court will sustain the appeal.
The Court will review the plaintiffs' claims, seriatum:
NOTICE CLAIM: The plaintiffs concede that notice of the public hearing of April 7, 1999 was published in the Shoreline Times in March 24th and March 31, 1999. The plaintiffs claim that although the commission states it is continuing the public hearing, both on April CT Page 4790 7th and April 21, 1999, "the record is entirely devoid of any indication that the hearing was ever commenced. No correspondence was read, no testimony was taken." The transcripts of the April 7th and April 21, 1999 public hearings were admitted into the record when the Commission's Motion to Supplement the Record was granted. These transcripts show that the said public hearing was properly opened on April 7th, properly continued to April 21st and, on April 21st, properly continued to May 5, 1999. There is no requirement that correspondence be read or testimony taken before a continuance of public hearing may be voted. The plaintiffs were in no way prejudiced by the said continuances. The Court finds that the notice of public hearing on the subject application was properly and timely published, in compliance with the requirements of statute and that said hearing was properly commenced and continued.
ILLEGAL LOT CLAIM: In offering their property for sale to SARAH Tuxis the owners chose to divide the subject lot into two parts, "Parcel A" and "Parcel B" with SARAH Tuxis purchasing Parcel A only. The subject application relates to Parcel A only. Provision was made for a twenty-foot right of way over the easterly portion of "Parcel A" for access to "Parcel B", but this right of way has been eliminated in the final plans, thus leaving "Parcel B" without access (ROR, #47), which, plaintiffs claim, results in the creation of an illegal lot, in violation of Regulations, Section 273-25 A (2)(a).
The plaintiffs have failed to establish this claim. First, the property owner needed no permission to divide the property. Second, the subject application dealt only with Parcel A. The Commission did not approve a use for Parcel B, nor did it approve the subdivision of the subject property. This is made clear by a note to the approved site plan, which reads, "Proposed Parcel B Is Not An Approved Lot, And Is Not a Part of the Special Permit Application." (ROR #47, n. 5). Parcel B may be a useless lot at this time but it is not an approved lot. The Court finds that the defendant Commission, by its approval of the subject application did not create an illegal interior lot.
THE CLAIM THAT THE COMMISSION APPROVED THE APPLICATION WITHOUT REFERENCE TO, OR REGARD FOR, THE APPLICABLE STANDARDS:
The Commission, in approving the subject application, contented itself with stating that the application conformed with the Code (ROR 44, p. 15). While an articulation by the Commission as to how the application complied with said standards is helpful to the Court, it is not required. Rather, the Court is required to search the record to determine if it contains substantial evidence to support the CT Page 4791 Commission's action. The Court finds there is substantial evidence in the record to support the conclusion that the subject application complied with the applicable standards of the regulations, including those provisions of Section 273-80 and Section 273-76, pertinent to the subject application. It may be noted that the application was for a change in use and contemplated no new construction nor any alteration of the existing structure's exterior, save adding a handicap access ramp, making a bathroom accessible and rebuilding the front porch. There was nothing in the record to suggest that the current access for fire protection purposes would be rendered inadequate by approval of the application nor did anyone involved in the proceedings suggest that was the case. The burden is on the plaintiffs to show the Commission acted improperly, Adolphson v.Zoning Board of Appeals, 205 Conn. 703, 707 (citation omitted). The major issue of concern clearly was the impact the proposed change of use from residential to nonresidential would have on the neighborhood and the Town Center District. With regard to the impact on the neighborhood and the conformity of the proposed use to the town's comprehensive plan of development, commission members were entitled to credit the testimony, e.g., of Dr. Macy, to rely on testimony of opponents which acknowledged that the neighborhood was, and long had been, a mix of residential and non-residential uses, to rely on members' knowledge of the neighborhood, and of the Town, including knowledge derived from the site walk. There was substantial evidence in the record to support the Commission's finding that the subject met the applicable standards of the I regulations. Opponents commented extensively on this issue, and it was addressed by members in their deliberations on the application. The plaintiffs have failed to show that the Commission approved the subject application without reference to, or regard for the applicable standards.
THE CLAIM THAT THE PROCEEDINGS LACKED FUNDAMENTAL FAIRNESS:
The plaintiffs cite several instances of what they claim constitutes lack of fundamental fairness. Specifically with reference to 23 letters in opposition (ROR #7-30); there was no requirement that every letter received be "read into the record", the Commission members are obligated to familiarize themselves with the record but are free to rely on record evidence they find persuasive, discarding that which is not. Opponents of the subject proposal were afforded ample notice and opportunity to be heard. This is the essence of fundamental fairness. The plaintiff, Jeffrey Beeman, read excerpts from some of these letters into the record, and a review of said letters reveals no issues that were not otherwise raised in the course of the hearing (ROR #48, Transcript, pp. 38, ff.) While the CT Page 4792 Chairman suggested Beeman avoid cumulative comment, Beeman's right to be heard was not improperly restricted. Similarly, the remarks of the Commission chairman regarding lack of "certification" of letters and a petition submitted by opponents (ROR #48, p. 1) and Commissioner Barry's comments regarding a letter of Betty Augustine (ROR # 48, pp. 37, 38) do not establish denial of fundamental fairness by the Commission. The plaintiffs claim that the Town Planner, George Kral, had a personal interest in the application, in that he lived in the neighborhood and served on the board of SARAH, Inc., a sister organization to the applicant. Kral served here as staff to the Commission. The Commission was free to utilize his expertise and accept or discard, in whole or in part, Kral's recommendations. Kral properly and timely placed on the record the facts of his residence and his affiliation with SARAH, Inc. Neither fact required that Kral be disqualified from participation in this application process, although the Commission was free to disqualify Kral if it chose. No one asked that Kral be disqualified and no prejudice stemming from Kral's participation has been shown by the plaintiffs. The Court finds that the Town Planner's participation in the application process did not deny the plaintiffs fundamental fairness.
The plaintiffs claim that the subject application was defective in that it was incomplete, in violation of fundamental fairness. What is required is not perfection but substantial compliance with filing requirements. None of the defects alleged by the plaintiffs, including the filing of a revised site development plan as late as May 5th, resulted in a denial to the plaintiffs of fundamental fairness. The Court finds that the application, as amended, substantially complied with filing requirements.
 V
THE CLAIM THAT THE COMMISSION'S APPROVAL WAS PERSONAL TO THE APPLICANT.
Finally, the plaintiffs claim that the special permit at issue is not sought or granted for charitable facilities in general but rather for SARAH Tuxis specifically. The plaintiffs point to a condition of approval imposed by the Commission as evidence that the approval was based on the reputation of the applicant, not on the merits of the application. That condition, 1.b., reads, in pertinent part: "That a deed restriction or other legal instrument be submitted to the Commission [prior to filing the Special Permit] noting that this Special Permit will become void if and when this property is transferred from SARAH Tuxis Residential Services, Inc. This instrument is to further note that the use of the property will then CT Page 4793 become residential."
Although couched in terms of a denial to the plaintiffs of fundamental fairness, a dubious assertion, the plaintiffs have stated a bona fide claim; that is, a Commission cannot impose a condition which is beyond its authority to impose. Such is the case here.
A special permit and site plan run with the land, Fuller, Land Use Law and Practice, Conn. Prac., Vol. 9A, S.53.8, p. 582; See Griswold Hills ofNewington Limited Partnership v. Town Planning and Zoning Commissionof Newington, 14 Conn.L.Rptr. 405, 407, 19WL 360786 (1995).
The identity of a particular user of the land is irrelevant to zoning, (quotation marks, citation omitted), Reid v. Zoning Board ofAppeals, 235 Conn. 850, 857. A condition personal to the applicant is invalid, Id. at 858. The Court finds that the defendant Commission impermissibly imposed a condition personal to the applicant and such condition is invalid. If a condition is imposed by a commission without being warranted by the regulations it is void, Hochberg v.Zoning Commission, 24 Conn. App. 526, 529 (Citation, quotation marks omitted). The imposition of a void condition, however, does not necessarily render the whole decision illegal and inefficacious,Vaszauskas v. Zoning Board of Appeals, 215 Conn. 58, 66 (citation, quotation marks omitted). The dispositive consideration is whether the condition was an integral part of the commission's decision to grant the permit, Id. (quotation marks omitted), Branhaven Plaza LLC.v. Inland Wetlands Commission, 251 Conn. 269, 285. If a zoning board would have refused to grant a variance without a particular condition, the condition is an integral part of the variance, Reid v.Zoning Board of Appeals, supra, at 858. As with a variance, so, too, with a special permit.
The plaintiffs have established, by a fair preponderance of the evidence, that the Commission, in imposing condition 1.b as a condition of its approval acted without authority, and that said condition is void. Whether a majority of Commission members would have voted to approve the application, absent the said condition, is impossible to determine from the record and the said condition must be deemed an integral part of the Commission's decision to grant said approval.
The court finds that the defendant Commission, in approving SARAH Tuxis' application with condition 1.b, acted illegally, arbitrarily and in abuse of its discretion. CT Page 4794
Accordingly, the plaintiffs' appeal must be sustained.
The action of the Board in approving, with conditions, the application at issue, is reversed and judgment may enter in favor of the plaintiffs, Jeffrey S. Beeman and Mary E. Beeman.
By the Court.
Downey, J.