[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs, Ralph Lowenstein and Anne Lowenstein, appeal the decision of the defendant zoning board of appeals (ZBA) of the town of Branford granting a variance to the defendants, Richard and JoAnn Casten. In rendering its decision, the ZBA acted pursuant to General Statutes §8-6. The plaintiffs' appeal is pursuant to § 8-8.
The parties have stipulated that the plaintiffs are abutting property owners and therefore the plaintiffs are, statutorily aggrieved pursuant to General Statutes § 8-8 (a)(1).
The following facts are not in dispute and are reflected in the record. The defendants' home was constructed prior to the enactment of zoning regulations by the town of Branford on December 3, 1956 (Transcript p. 21). At the time the zoning regulations were enacted, the house on the property did not conform to the zoning regulations in that it violated the street line and narrow street setback requirements found in section 25.4.6 of the regulations. Specifically, the streetline CT Page 1193 setback is 30 feet and the narrow street setback is an additional 11.25 feet for a total street and narrow street setback of 41.25 feet. The existing dwelling had a total streetline setback ranging from 8.7 to 9.7 feet, and is thus a legal nonconforming use (Defendants Exhibit A.)
In August 1999, the defendants applied for a variance to reduce the 30 foot rear yard setback to a 15 foot rear yard setback (Return of Record (ROR) Exh. B, Item 1). This application was denied by the ZBA and the defendants did not appeal the decision. In June 2000 the defendants applied for a variance of the narrow street setback requirements for an addition to their dwelling. The defendants failed to furnish an A-2 survey or plot plan with their application showing the location and dimensions of the proposed addition. The ZBA held its required public hearing on July 18, 2000 (ROR, A-3). The defendants appeared with their counsel, Attorney Roger Sullivan, the plaintiff's were represented by their counsel, Attorney Chris Edmonds. The ZBA noted the lack of an A-2 survey or site plan (ROR, A-3, p. 7-8).
When members of the ZBA expressed confusion about what and where the defendants intended to build, the hearing was adjourned and the defendants and/or their attorney drew on an existing A-2 survey (ROR, B-4.) The ZBA granted the variance and this appeal followed. The court did not have the benefit of examining ROR, B-4 at the initial hearing on this matter as it was not included with the original return of record. The hearing was reopened on November 20, 2001 to supplement the initial return of record that was provided to the court. The town of Branford supplied the A-2 survey (ROR) and the parties agreed that the 120 days for filing this decision would be extended.
General Statutes § 8-8 governs appeals taken from the decisions of a zoning commission to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.)Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276,283, 487 A.2d 559 (1985). "Failure to comply strictly with the provisions of § 8-8 (b) renders the appeal subject to dismissal." Spicer v.Zoning Commission, 212 Conn. 375, 378, 562 A.2d 21 (1989).
 Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's [administrative] appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). It is necessary, therefore, that "in order to have standing to bring an administrative appeal, a person or entity must be aggrieved." (Internal quotation marks omitted.) WaterCT Page 1194Pollution Control Authority v. Keeney, 234 Conn. 488, 493, 662 A.2d 124
(1995). Statutory aggrievement under General Statutes § 8-8 (a) provides that "a person who owns land that abuts or is within a radius of 100 feet of the land involved in the board's decision is considered automatically aggrieved." Jolly, Inc. v. Zoning Board of Appeals, supra,
189-90. The plaintiffs allege that they have been aggrieved "by the decision of the [commission] because they own and occupy property abutting the subject matter property. Since the parties have stipulated that the plaintiff's are abutting land owners, this court finds that the plaintiffs are aggrieved.
 Timeliness and Service of Process
General Statutes § 8-8 (b) provides, in part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) [Now subsections (f) and (g)] of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Subsection (e) [now subsection (f)] further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." General Statutes § 8-8 (e) [now subsection (f)]. The return of record shows that the ZBA's decision was published on July 26, 2000. (ROR, Ex. A-4, p. 2.) The Sheriff's return shows that service was made on August 10, 2000 (within the 15 day limit) on the town clerk, the chairman of the ZBA and the applicants. Therefore, the court finds that this appeal was commenced in a timely fashion by service of process upon the proper parties.
 SCOPE OF REVIEW
Judicial review of the board's decision is limited to a determination of whether the decision was arbitrary, illegal or an abuse of discretion, Whitaker v. Zoning Board of Appeals, 179 Conn. 650, 654, (1980), 427 A.2d 1346. The board is vested with a large measure of discretion, and the burden of showing the agency has acted improperly rests upon the one who asserts it, Mario v. Fairfield, 217 Conn. 164,169, 585 A.2d 87. "[C]ourts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution" Burnham v. Planning ZoningCommission, 189 Conn. 261, 266. There is a strong presumption of regularity in the proceedings of an agency such as the board, Frito-Lay,Inc. v. Planning Zoning Commission, 206 Conn. 554, 573-74, 538 A.2d 1039
(1988). "Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic CT Page 1195 search for technical infirmities in their actions. . . . Such caution is particularly appropriate when reviewing the decision of a local land use commission composed of laypersons whose procedural savoir-faire may not rise to the sophisticated level needed to achieve strict compliance with the statutory directions under which they operate." (Citation omitted; internal quotation marks omitted.) DeBeradinis v. Zoning Commission,228 Conn. 187, 198-99 n. 7. "When considering an application for a special [permit], a zoning authority acts in an administrative capacity and its function is to determine whether the proposed use is permitted under the regulations and whether the standards set forth in the regulations and statutes are satisfied. It has no discretion to deny a special permit or variance if the regulations and statutes are satisfied . . ." (citations omitted), Daughters of St. Paul, Inc. v. Zoning Boardof Appeals, 17 Conn. App. 53, 56. "It does have the discretion, however, to determine whether the proposal meets the standards set forth in the regulations", Irwin v. Planning Zoning Commission, 244 Conn. 615, 628,711 A.2d 675 (1998). "Board members may rely on their personal knowledge of the property concerned and other properties in the area, prior applications, and conditions in the community, in reaching a decision on an application", R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (2Ed. 1999) Section 21.5, p. 455; Holt-Lock, Inc. v. Zoning Planning Commission, 161 Conn. 182, 191, 286 A.2d 299 (1971.)
Failure of an agency to make findings, even those required by statute or regulation, does not render its decision null and void; rather, the reviewing court "must search the record of the hearing before that commission to determine if there is an adequate basis for its decision."Samperi v. Inland Wetlands Agency, 226 Conn. 579, 588-89, quoting fromGagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604, 611,569 A.2d 1094 (1990). The reviewing court must sustain the agency's decision if there is substantial evidence in the record to support that decision, Samperi v. Inland Wetlands Agency, supra, 587-88. Where the board does state its reasons for a decision "the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the board is required to apply under the zoning regulations." (Internal quotation marks omitted), Irwin v. Planning Zoning Commission, supra, at 629.
"When, as here, the [board] acts in an administrative capacity, the evidence to support any such reason must be substantial. Huck v. InlandWetlands Watercourses Agency, 203 Conn. 525, 540. The "substantial evidence" standard requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. Kaufman v. Zoning Commission,232 Conn. 122, 151. The possibility of drawing two inconsistent CT Page 1196 conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Samperi v. InlandWetlands Agency, supra, 588" (Internal quotation marks omitted).
 DISCUSSION
The plaintiffs advance a number of arguments in support of their appeal.
In their memorandum, the plaintiffs argue that the ZBA acted illegally or arbitrarily and in abuse of it's discretion because the applicants failed to file an understandable and complete application. The plaintiffs argue, in part, that the application lacked a proper class A-2 survey depicting the location and dimensions of the addition the applicants' were proposing to build as required by the instructions provided by the town to applicants for variances. They also argue that the belatedly submitted A-2 survey failed to show the rear line and side lines to all existing and proposed structures on the site as required by the "Important Notice to Applicant for Zoning Variance" (Defendants' Exh. B). In response, the defendants argue that the belatedly submitted A-2 survey with the hand drawn "proposed structure" submitted the night of the hearing on the variance satisfies the requirements of the ZBA. The A-2 survey submitted to the ZBA should have been part of the record as B-4. It was however missing from the material provided to the court and provided to the court by the town of Branford on November 20, 2001 when the hearing was reopened.
Generally, "[w]hen reviewing the actions of the commission to determine if its findings complied with the standards set out in the regulations, we are not compelled to indulge in a microscopic search for technical infirmities . . . The determination of what the public interest requires is in the discretion of the commission." McCrann v. Town Plan ZoningCommission, 161 Conn. 65, 71, 282 A.2d 900 (1971) (questioning the adequacy of a site plan application under town zoning regulations).
The issue before this court is whether an application for a variance must fully comply with all town zoning regulations. Branford's application for a variance is accompanied by an "Important Notice to Applicant for Zoning Variances" requiring that an application for a variance include "all measurements of parcels of land and distances from street line, rear line and side lines to all existing and proposedstructures on the site. You must also show the location of the proposed building (or lot) in color". (Emphasis added) Defendant's Exh. B. The purpose of defendant's application for a variance was to change the narrow street setback requirement of 41.25 feet to 30 feet.
In Vivian v. Clinton Zoning Board of Appeals, Superior Court, Judicial CT Page 1197 District of Middlesex at Middletown, Docket No. 092448 (June 19, 2001), the plaintiff claimed that the application for a building permit and certificate of zoning compliance was inconsistent with the setback requirements of the zoning regulations in Clinton and failed to provide sufficient information regarding the proposed construction. The claimed deficiency in the application was the omission of required information regarding sanitary services for the addition. The Clinton zoning regulations provided that "[a] plot plan must be submitted in duplicate, drawn to scale, showing the following, both existing and proposed . . . (c) the location of any existing or proposed on-site sewage disposal system."(Internal quotation marks omitted) Vivian v. Clinton, supra, at 8184. The court acknowledged that the plot plan failed to contain the required information but found that the town sanitarian had sufficient information to approve the application. Vivian, at 8185.
The court addressed the issue of the approval of a site plan application that was missing the A-2 survey, a topographical map, a plan showing the location of abutting wells and septic systems, existing driveways and entrances and complete parking layout in National HotelProperties, Inc. v. Clinton Planning and Zoning, Superior Court, Judicial District of Middlesex at Middletown, Docket No. 0085800 (November. 22, 1999). The court found that there was substantial compliance with the Clinton zoning regulations as the site was not requesting any water or sanitary connections and the absence of a plan showing their location was not unreasonable. The court categorized the failure to comply with all the applicable zoning regulations an irregularity that did not invalidate the site plan approval.
Spring v. Plan. Zoning Commission, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 157491 (December 17, 1998) involved a site plan application seeking approval to convert a bank into a restaurant, the construction of handicapped access and interior renovation. The plaintiffs argued that the site plan application was defective because it did not contain certified surveys and landscaping plans as required by the New Canaan zoning regulations. The surveys submitted did not include certain required measurements such as dimensions of the structure and setback lines. Plaintiffs also argued the application was defective because the landscaping plan was not filed until the night of the third public hearing. Spring v. Plan. ZoningCommission, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 157491 (December 17, 1998) 1998 Ct. Sup. 14903. The New Canaan zoning regulations are similar to the Branford regulation regarding applications for a variance and provide as follows:
 Section 60-3.3 of the New Canaan zoning regulations provides, in pertinent part, that "[t]he applicationCT Page 1198 for a zoning permit shall require the following information: A. The date of the application for the zoning permit. B. A plot plan prepared by a professional engineer, architect or land surveyor and drawn to scale showing: (1) The actual dimensions of the plot to be built upon or used. (2) Its location in respect to streets. (3) The zone in which the plot is located. (4) The points of the compass. (5) The location and size of any presently existing buildings upon the plot and the proposed location and size of any new buildings to be erected thereon or both. (6) The dimensions of all open spaces. (7) All applicable setback lines (emphasis added).
Spring v. Plan. Zoning Commission, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 157491 (December 17, 1998)1998 Ct. Sup. at 14912.
 Section 60-3.4 of the New Canaan zoning regulations, which sets forth the required site plan information, further provides, in pertinent part, that "the applicant for a zoning permit shall submit. . . . [a] [l]andscape plan in detail showing plant materials and sizes. . . ."
Spring v. Plan. Zoning Commission, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 157491 (December 17, 1998)1998 Ct. Sup. at 14912.
The court in Spring found that the record contained maps illustrating the existing and proposed site plan and were drawn to scale. The plaintiffs could determine the dimensions and setbacks with the use of a ruler and the fact that plaintiffs had to measure dimensions with the use of a ruler did not render the maps incomplete. Additionally, the landscaping plan was made available at the third public hearing and "the commission did not act arbitrarily, illegally or unreasonably in approving the initial site plan application without a landscaping plan."Spring v. Plan. Zoning Commission, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 157491 (December 17, 1998)1998 Ct. Sup. at 14913.
In DeAngelis v. Waterbury Inlands Wetlands Watercourses Commission,
Superior Court, Judicial District of Waterbury, Docket No. 132755 (May 16, 1997), the court held that "a special permit application and site plan must be in substantial compliance with the applicable regulations . . . Substantial compliance with a statute or regulation is such CT Page 1199 compliance with the essential requirements of the statute or regulation as is sufficient to assure its objectives. What constitutes a substantial compliance is a matter depending on the facts of each particular case."
The defendants argue that the plan submitted the night of the hearing meets the requirements of the variance application and cite. Beeman v.Guilford Planning Zoning Commissions, Superior Court, Judicial District of New Haven at New Haven, Docket No. 42727S, (April 27, 2000) (27 CLR 77) in support of their argument. However, the court finds a distinction between Beeman and the present case. At issue in Beeman was whether there was a requirement that all twenty-three letters in opposition to the proposal be read into the record. The court in Beeman held that the failure to read into the record all twenty-three letters verbatim was to avoid cumulative comment did not deprive the plaintiffs of fundamental fairness.
It is clear from the comments of the members of the ZBA after the submission of the hand drawn footprint that they understood what the defendants were asking for in their application for a variance. (ROR, Tr. pp 13-16) The court finds that the hand drawn footprint on the A-2 survey submitted the night of the public hearing substantially complied with the filing requirements of the Branford "Important Notice to Applicant for Zoning Variances".
 Notice
Plaintiffs claim the the submission of the hand drawn footprint the evening of the public hearing was insufficient notice. In Pinchbeck v.Guilford Plan. Zoning Commission., Superior Court, Judicial District of New Haven at New Haven, Docket No. 408255 (May 6, 1999) the court defined adequate notice as follows: "[t]o be adequate, the notice is required to fairly and sufficiently appraise those who may be affected of the nature and character of the action proposed, to make possible intelligent preparation for participation in the hearing Merrill, notice, p. 285;Winslow v. Zoning Board, 143 Conn. 381, 388, 122 A.2d 789, Neuger v.Zoning Board, 145 Conn. 625, 630, 145 A.2d 738." Id. In Kleinsmith v.Planning Zoning Commission, 157 Conn. 303, p. 310 the court held that "anyone interested in the precise action sought could have consulted a plot plan showing all the details of the proposed changes which the defendants had filed, several weeks prior to the hearing, in the office of the zoning board."
The Spring court addressed the issue of notice as follows: "In the zoning context, due process is accorded in a public hearing if the plaintiff has notice of "matters of substance" and has a full opportunity to address these matters. In Red Hill Coalition, Inc. v. ConservationCT Page 1200Commission, 212 Conn. 710, 563 A.2d 339 (1989), for example, the court determined that the plaintiffs had adequate notice of the commission's intention to seek off-site compensation where the topics posted for public hearing discussion included "compensating measures if the pond is to be eliminated."
"The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprized of the relief sought. . . . Adequate notice will enable parties having an interest to know what is projected and, thus, to have an opportunity to protest." (Citations omitted; internal quotation marks omitted.) HartfordElectric Light Co. v. Water Resources Commission, 162 Conn. 89, 110,291 A.2d 721 (1971). "[N]otice of a hearing is not required to contain an accurate forecast of the precise action which will be taken on the subject matter referred to in the notice. It is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing. . . ." (Internal quotation marks omitted.) Hartford Electric Light Co. v. Water ResourcesCommission, supra, 162 Conn. 110 (due process violated where notice of the public hearing on the plaintiff's application for permission to erect transmission lines gave no indication that a possible order for removal of the preexisting line was to be considered); see Shrobar v. Jensen,158 Conn. 202, 207, 257 A.2d 806 (1969) (notice that a variance was sought to reconstruct and improve the filling station was sufficient to give notice to the public that the defendants' proposal to replace the existing structures with an entirely new station was to be considered).
In this case, the plaintiffs had sufficient notice of the general character and nature of the action proposed. The notice provision contained in section 60-3.16(A)(a)(1) of the New Canaan zoning regulations merely requires that the applicant notify each abutting property owner of the "time, place, date and purpose of the hearing. . . ."Spring v. Plan. Zoning Commission, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 157491 (December 17, 1998)1998 Ct. Sup. 14903. at 14916.
The variance sought by the defendants and approved by the ZBA was limited to the narrow street setback requirement of 41.25 feet and covered a narrow strip approximately 5 feet wide running across the rear of the main structure (see ROR, B-4; Defendants Exhibit A). Plaintiffs argue that the defendants' failure to show the precise dimensions of the proposed addition is an attempt on their part to subvert the rear yard setback which was previously denied. There is nothing in the record before the ZBA to suggest that a variance was requested or granted to defendants to build over the rear yard setback which remains at 30 feet. CT Page 1201 Additionally, the court would note that, except for the narrow street setback variance requested, the defendants have the right to build an addition to their property up to the rear and side setback lines. The notice requirements were met by the notice contained in ROR, A-1 which provided as follows: "The Branford Zoning Board of Appeals will meet on July 18, 2000 at 7:00 p.m. at the Branford Senior Center, 11 Cherry Street to conduct public hearings to consider the following applications/variances of the Branford Zoning Regulations. . . . 14. Richard and JoAnn Casten, 5 Cottage Street, Var. Sec. 25.4.6: Narrow Street from 41.23 ft to 30 ft. for addition."
 Hardship
The plaintiffs allege that the ZBA acted arbitrarily, illegally and in abuse of its discretion in granting the variance because defendants failed to demonstrate the existence of a hardship, a necessary finding to the grant of a variance. Defendants claim that the existence of an unbuildable strip of land running down and extending across the rear of the dwelling qualifies as a hardship and the court agrees.
The ZBA is authorized to grant variances pursuant to Conn. General Statutes Section 8-6 (a)(3) which provides that the ZBA may "vary the application of the zoning . . . regulations in harmony with their general purpose and intent with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to the conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such . . . regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and public safety and welfare secured." The applicant for a variance must satisfy the following statutory requirements" 1) the variance must be shown not to affect substantially the comprehensive zoning plan, and 2) adherence to the strict letter of the zoning ordinance would cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Bloom v. ZoningBoard of Appeals, 233 Conn. 198, 207, 658 A.2d 559 (1995). Courts have long held that the term unusual hardship requires a showing that due to some peculiar characteristic of the property, the strict application of the zoning regulation will result in an unusual hardship versus the general impact the regulation has on other properties. The hardship must originate in the zoning ordinance and arise from the application of the zoning ordinance to conditions not within the control of the applicant.Kaeser v. Zoning Board of Appeals, 218 Conn. 438, 445, 589 A.2d 1229
(1991).
The court must search the record to determine whether the defendants CT Page 1202 met their burden of proving hardship because the ZBA failed to articulate its reasons for granting the variance. The court notes that defendants' counsel admitted that six other properties in two blocks of Cottage Street have been granted a variance of the setback requirements (Tr., p. 15). Variances have been denied for failure to meet the hardship test for a wide variety of reasons including: garage too small to fit car and the number of cars in driveway were an eyesore; Lacerenza v. Stamford ZoningBoard. Of Appeals, Superior Court, Judicial District of Stamford, Docket No. 0169017 (January 17, 2001), 2001 Ct. Sup. 1090, and the preservation of trees on a lot; Ryan v. Farmington Zoning Board of Appeals, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 513984 (February 4, 1994). In Bloom v. Zoning Board of Appeals, supra,233 Conn. 198, 210-211, n. 13 the Supreme Court held that the fact that an owner was prohibited from adding new structures to the land due to topography does not constitute a legally cognizable hardship..
In Jasper v. Zoning Board of Appeals, 43 Conn. App. 545, 546,684 A.2d 735 (1996), the plaintiff sought a variance to build a single family house on property with the applicant claiming the front yard setback requirement was a hardship rendering their lot unbuildable due to the unusual shape and tidal wetland restrictions. The court held that there was no hardship because a house (but not the type of house desired by the applicant) could be built on the property in conformance with the setback requirements.
In the case before the court, the existing house was build before the zoning regulations went into effect. As a result the bulk of the present structure is in violation of the street and narrow street setback requirements. Any addition to the rear of the existing structure would require a narrow alley between the existing structure and addition to comply with the narrow street setback. An examination of the comments made by the members of the ZBA when presented with the hand drawn footprint demonstrated they quickly and clearly saw the hardship that the defendants would suffer if the variance was denied (ROR, Tr. pp. 13-16).
"[O]ur case law clearly requires the trial court, in appeals from planning and zoning authorities, to search the record to determine the basis for decisions made by those authorities." [Original internal quotation marks omitted.] Paige v. Town Plan Zoning Commission,235 Conn. 448, 464, 668 A.2d 340 (1995). "[W]here a zoning [commission] has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." [Internal quotation marks omitted] Christian Activities Council, Congregational v. TownCouncil, 249 Conn. 566, 584, 735 A.2d 231 (1999). "In appeals from CT Page 1203 administrative zoning decisions . . . the decisions will be invalidated even if they were reasonably supported by the record, if they were not supported by `substantial' evidence in that record." Kaufman v. ZoningCommission, 232 Conn. 122, 151, 653 A.2d 798 (1995). This court is required, therefore, to search the record in order to determine whether the grounds set forth by the ZBA in their approval of the variance is supported by "substantial evidence" contained in the record.
There is substantial evidence contained in the record that supports the ZBA's approval of the variance. It is a simple matter of common sense to see that the location of the narrow street setback without a variance would require a narrow alley between the main house and any addition. The narrow alley is created by the fact that the house was built before the enactment of the zoning regulations and is not the creation of the owners of the property.
 CONCLUSION
For the foregoing reasons, the court dismisses this appeal.
______________________________ Holly Abery-Wetstone, Judge