ALAN J. KOEPKE *v.* ZONING BOARD OF APPEALS OF THE TOWN OF COVENTRY ET AL.
(8672)

NORCOTT, HEIMAN and CRETELLA, Js.

Argued May 31—decision released August 27, 1991

---

*Mark K. Branse,* for the appellant (defendant Susan Oygard).

*Duncan J. Forsyth,* for the appellee (plaintiff).

NORCOTT, J. This is an appeal from the judgment of the trial court sustaining the appeal of the plaintiff, Alan J. Koepke, from a decision of the defendant zoning board of appeals of the town of Coventry, which had revoked his permission to erect a 150 foot radio antenna on his property. The defendant Susan Oygard, who brings this appeal, owns and resides on real property abutting that of the plaintiff. We affirm the judgment of the trial court.

The following relevant facts were found by the trial court in a well drafted and well reasoned memorandum of decision. On June 9, 1986, the plaintiff spoke with Robert Isner, the Coventry zoning officer at that time, about a preliminary drawing for a 150 foot radio antenna and a small adjacent concrete block building that the plaintiff wanted to construct on the subject property. The plaintiff told Isner that he would purchase the property if he obtained a zoning permit to erect the antenna. Soon thereafter, Isner met with Patricia Gatzkiewicz, the Coventry town planner, to discuss the plaintiff's application.

On June 11, 1986, Isner told the plaintiff that he would have to wait thirty days before filing an application for a zoning permit so the owners of the prop-

erty abutting the subject property could be notified of his plans and could be provided with an opportunity to submit written comments on or before July 11, 1986.[1] In the meantime, the plaintiff was advised by Isner to prepare his plans. On June 25, 1986, notice of the plaintiff's proposed construction was sent to Norvald and Susan Oygard. The Oygards did not, however, submit any written objections to or comments on the proposed radio antenna.

On June 17, 1986, the plaintiff submitted a new plot plan to the Coventry building office. This plan differed from the plaintiff's original plan in that the tower was located on the east side of the building rather than on the north side. The new plot plan also showed that the tower would be erected on three concrete pylons and would be 160 feet high.

On July 11, 1986, the plaintiff was advised that no adverse comments on the antenna had been received from any abutting property owners. That same day the plaintiff presented an application for a permit together with the new plot plan to the Coventry building office. The plaintiff and Al Broderson, a representative of the building office, then went to the zoning office where Gatzkiewicz, in her capacity as an assistant zoning enforcement officer, signed the permit. The plaintiff paid the $22 fee and received a receipt of payment numbered 10109. The zoning permit was also numbered 10109.

The plaintiff obtained the permits from the building office that were necessary to construct the radio antenna and, on July 22, 1986, purchased the subject property. Shortly thereafter, he began construction of the antenna and concrete building.

---

[1] Neither the zoning regulations nor the record before us reveals the basis for this thirty day waiting period.

On August 7, 1986, the plaintiff received a telephone call from Isner regarding the manner in which the tower would be attached to the building. Because of Isner's concern, the plaintiff revised the plot plan. The revision did not alter the subject of the permit but merely provided for the tower to be erected on a concrete slab that was connected to the building, thereby complying with the "10 percent" requirement of the Coventry zoning regulations § 6.6.[2]

At Isner's request, the plaintiff then submitted a new application together with the revised plot plan, and a new zoning permit was issued to him on August 7, 1986. This permit was also numbered 10109 and was issued without an additional permit fee. Subsequently, the plaintiff received a letter from Isner dated August 7, 1986, which stated that the July permit was revoked.

On August 12, 1986, Oygard appealed to the zoning board from its issuance of the August 7, 1986 permit to the plaintiff. Oygard claimed (1) that approval of the permit would adversely affect her property, (2) that the tower was not permitted in an RU-40 zone and (3) that the height exemptions of § 6.6 of the Coventry zoning regulations were not applicable. A public hearing was held on Oygard's appeal on September 16, 1986. The zoning board sustained her appeal, and on September 18, 1986, a stop work order was issued to the plaintiff.

---

[2] Section 6.6 of the Coventry regulations provides as follows:

"Height Limits. Notwithstanding the height limitations imposed by other provisions of these Regulations, church spires, belfries, cupolas, towers, domes, chimneys, flagpoles, radio and television antenna, ventilators, skylights, bulkheads, water tanks and similar features occupying in the aggregate not more than 10 percent of the ground area of the building and not used for human occupancy may be erected to such reasonable height as may be necessary to accomplish the purpose they are to serve."

The plaintiff then successfully appealed the zoning board's decision to the trial court, which found that the board was without jurisdiction to hear Oygard's appeal (1) because her appeal to the zoning board was untimely and (2) because the notice of the zoning board's hearing on that appeal was invalid and improper. From the decision of the trial court, Oygard now appeals.

Oygard challenges (1) the trial court's jurisdiction over the revocation of the plaintiff's first permit, (2) the trial court's failure to find that the plaintiff made a judicial admission that his first permit had been revoked, (3) the trial court's finding that the zoning agent had no authority to revoke the plaintiff's first permit, (4) the trial court's finding that Oygard's appeal to the zoning board was untimely, (5) the trial court's finding that the notice of the zoning board's hearing on Oygard's appeal was legally inadequate and (6) the plaintiff's standing to raise the issue of notice. We find that the issues raised with respect to notice are dispositive of this appeal.

General Statutes § 8-7 requires that notice of a public hearing of a zoning board of appeals be published at specific intervals in a newspaper of significant distribution.[3] Whether a particular notice adequately satisfies these statutory requirements has been the subject of many Connecticut court decisions. Oygard attempts to distinguish among illegal, misleading and vague

---

[3] General Statutes § 8-7 provides in pertinent part: "Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing. In addition to such notice, such board may, by regulation, provide for notice by mail to persons who are owners of land which is adjacent to the land which is the subject of the hearing."

The notice provision of General Statutes § 8-3 (a), regarding prehearing notice of changes in zoning regulations and districts, is identical to § 8-7.

notices, arguing that the plaintiff claims only that the notice at issue was vague and that vague notices are not inadequate for jurisdictional purposes. We do not focus on these distinctions because they are distinctions without a difference. For the purposes of this appeal, the fundamental question is whether the notice was legally adequate to confer jurisdiction on the zoning board. Oygard claims that the prehearing notices of September 5 and 12, 1986, while brief, were legally adequate to confer jurisdiction. We disagree.

The trial court found, as one basis for its ruling, that the notice of Oygard's appeal to the zoning board was inadequate because, essentially, the advertisements "failed to state the subject matter to be considered at the hearing." The trial court's decision will not be reversed unless it is clearly erroneous. Practice Book § 4061. " '[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . .' " *Red Hill Coalition, Inc.* v. *Conservation Commission,* 212 Conn. 710, 723, 563 A.2d 1339 (1989).

"Compliance with statutorily prescribed notice requirements is a prerequisite to a valid action by a land use commission and failure to give proper notice constitutes a jurisdictional defect. *Wright* v. *Zoning Board of Appeals,* 174 Conn. 488, 489, 391 A.2d 146 (1978)." *Peters* v. *Environmental Protection Board,* 25 Conn. App. 164, 168, 593 A.2d 975 (1991); *Hall* v. *Planning Board,* 2 Conn. App. 49, 54, 475 A.2d 1114 (1984). Adequate prehearing notice is necessary to inform affected and properly interested parties of their opportunity to be heard and to be apprised of the relief sought. Id.; see also *R. B. Kent & Son, Inc.* v. *Planning Commission,* 21 Conn. App. 370, 378, 573 A.2d 760 (1990). "Constructive, rather than actual, notice is required so that

as much of the populace as possible is constructively notified of the proposed action." *Peters* v. *Environmental Protection Board,* supra. " '[N]otice of a hearing is not required to contain an accurate forecast of the precise action which will be taken on the subject matter referred to in the notice. It is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing.' *Shrobar* v. *Jensen,* 158 Conn. 202, 207, 257 A.2d 806; *Neuger* v. *Zoning Board,* 145 Conn. 625, 630, 145 A.2d 738." *Danseyar* v. *Zoning Board of Appeals,* 164 Conn. 325, 330, 321 A.2d 474 (1973).

The notice here advised the public that, on September 16, 1986, the zoning board would hear, inter alia, the "[a]pplication of Norvald & Susan Oygard, seeking an appeal of the Zoning Agent's decision to issue a permit under § 6.6 (§ 13.1.1)." This notice was excessively frugal. It was vague to the point of being misleading. As the trial court accurately noted in its memorandum of decision, the notice failed to identify (1) the subject matter of the appeal, (2) the location or identity of the property in question, (3) the nature of the use from which the appeal was being made and (4) the holder of the permit and for what purpose the permit had been issued. The only identifiable reference in the notice was to Coventry zoning regulations §§ 6.6 and 13.1.1.[4] This reference by itself did not adequately permit any member of the public to determine more precisely the specific nature of the Oygard appeal. Nei-

___

[4] The Coventry zoning regulations provides in pertinent part: "13.1 There shall be a Board of Appeals established in accordance with the statutes authorizing such a board. The Zoning Board of Appeals shall have the following powers and duties.

"13.1.1 To hear and decide appeals where it is alleged that there is an error in any order, requirement or decisions made by the official charged with the enforcement of these Regulations."

ther section of the regulations would lead a member of the public to be aware, as the trial court stated in its decision, "that the plaintiff's property, the erection of a radio antenna, and public safety communication networks were in any way affected by the appeal of Susan Oygard." As such, the published notice in the present case was insufficient in that it failed to "apprise the public of the proposed action so as to enable intelligent preparation for participation in the hearing." *R. B. Kent & Son, Inc.* v. *Planning Commission,* supra.

Given the paucity of information provided by the notice, Oygard's argument that the notice fostered an obligation on the reader to inquire further about the substance of the appeal is without merit. The cases cited by her in support of this proposition are clearly distinguishable from the present case with respect to the quantity and quality of the information in those notices. See *Shrobar* v. *Jensen,* supra; *Passero* v. *Zoning Commission,* 155 Conn. 511, 235 A.2d 660, cert. denied, 390 U.S. 1004, 88 S. Ct. 1248, 20 L. Ed. 2d 104 (1967).

Similarly without merit is Oygard's argument that the plaintiff had no standing to raise the issue of notice. Oygard contends that, because the plaintiff actually attended and participated in the public hearing, any defect in the notice was waived and cured. Again, we disagree.

Because an adequate prehearing notice is a jurisdictional prerequisite, "the public hearing and decisions predicated on it are void and even may be attacked in proceedings brought after the expiration of the deadline for appealing the decision based on the public hearing." T. Tondro, Connecticut Land Use Regulation, pp. 173–74 (1979). Because the public is entitled to constructive notice of the hearing, the fact that some members of the public, including the plaintiff, appeared at

the hearing cannot cure the jurisdictional defect. *Cocivi* v. *Plan & Zoning Commission,* 20 Conn. App. 705, 708, 570 A.2d 226, cert. denied, 214 Conn. 808, 573 A.2d 319 (1990). Oygard's argument that she was the only significant party with an interest in the case is not in accord with the trial court's unchallenged conclusion that the subject matter of the appeal was of concern to many Coventry residents.

We conclude that the notice of the public hearing was inadequate and, therefore, insufficient to confer jurisdiction on the zoning board to act on Oygard's appeal. Because of our disposition of this issue, we need not reach Oygard's other claims of error.

The judgment is affirmed.

In this opinion the other judges concurred.