[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This unusual appeal arises out of the dissatisfaction of the defendant John Herr with a concrete wall and wooden fence constructed by the plaintiff Edward Mauro at his property at 7 Dudley Avenue in Branford. Mr. Herr lives at 6 First Avenue. First Avenue extends along one side of the Mauro property. Contending that the wall and fence were in violation of Branford zoning regulations and that these structures blocked his view of Long Island Sound, Mr. Herr filed an "appeal" with the defendant Branford Zoning Board of Appeals ("ZBA").
Mr. Herr had no attorney at the time he filed the appeal. He partially completed a form entitled "Appeal to Zoning Board of Appeals", which recites that it is an appeal for a variance, and he attached to it a letter complaining about the wall and the fence. The ZBA scheduled a public hearing on the "appeal" for August 13, 1991. The plaintiff Edward Mauro, Jr. appeared and CT Page 7216 was heard at the public hearing. Thereafter, the ZBA met and affirmed Mr. Herr's appeal. The plaintiff then brought this appeal to the Superior Court alleging that the ZBA acted illegally, arbitrarily and in abuse of its discretion in affirming the appeal.
The parties stipulated that the plaintiff is the property owner of 7 Dudley Avenue, Branford and that he is adversely affected by the ZBA decision. As the owner of the property which forms the subject matter of the agency action, the plaintiff is aggrieved. Bossert v. Norwalk, 157 Conn. 279, 285 (1968).
The plaintiff's appeal alleges numerous deficiencies in the ZBA's decision, both substantive and procedural. One issue, however, is dispositive of this appeal. The ZBA failed to give proper notice of the public hearing on Mr. Herr's appeal and this appeal accordingly must be sustained.
Connecticut General Statutes 8-7 requires that the ZBA give published notice of the public hearing to be held on any appeal which it hears. The purpose of the notice is to give all affected persons a chance to be heard and to have notice of the relief sought. Concerned Citizens of Sterling Inc. v. Connecticut Siting Council, 215 Conn. 474, 485 (1990). To be sufficient, the notice must "fairly and sufficiently apprise those who may be affected of the nature and character of the action proposed, to make possible intelligent preparation for participation in the hearing." Neuger v. Zoning Board, 145 Conn. 625,630 (1958). Compliance with statutory requirements for notice of a public hearing is a necessary prerequisite to valid action by the board and the failure to comply is a jurisdictional defect. Smith v. F.W. Woolworth Co., 142 Conn. 88,94 (1955); Jarvis Acres, Inc. v. Zoning Commission, 163 Conn. 41,44 (1972); Koepke v. Zoning Board of Appeals, 25 Conn. App. 611,618-619 (1991).
The published notice for the appeal before the ZBA reads as follows:
LEGAL NOTICE
ZONING BOARD OF APPEALS TOWN OF BRANFORD BRANFORD, CONNECTICUT 06405
The Branford Zoning Board of Appeals will meet on August 13, 1991 at the Branford Senior Center, 11 Cherry Hill Rd. at 7:00 p. m. to conduct public hearings to consider the following applications for exceptions or variances of Branford Zoning Regulations: CT Page 7217
9. John A. Herr, 6 First Ave., appeal of Par 25.4.11, Sec. 25, of Branford Zoning Regulations wherein a neighbor has constructed a cement wall allegedly over 9' high and erected a wooded fence allegedly over 10' high on street line, in violation of regulations.
Copies of foregoing applications together with supporting materials are on file at the Branford Town Clerk's office for public inspection. At said hearings all persons will have the right to be heard.
Robert T. Harrington Chairman
(Emphasis added.) This notice is clearly insufficient to apprise the public of the nature of the matter before the ZBA and notice of the relief which was sought. The notice advises that Mr. Herr was appealing a paragraph of the zoning regulations and that it related to an unnamed neighbor who constructed a wall and a fence at an unspecified property. The notice is also in error in characterizing Mr. Herr's appeal as one seeking an exception or a variance. The notice fails to identify the property owner, who is Mr. Mauro, and further fails to identify Mr. Mauro's property at 7 Dudley Avenue in any way. The property address which is given, 6 First Avenue, is Mr. Herr's address and his property was not at issue in the appeal.
In Peters v. Environmental Protection Board, 25 Conn. App. 164
(1991), the Appellate Court recently upheld the trial court's ruling that it lacked jurisdiction of an appeal because of inadequate notice of a public hearing. The court noted that the notice failed to identify the owner of the property at issue and that it failed to state the specific property location at issue, whether by a specific street address, by size or dimension, or by location with respect to the nearest intersecting street. (The notice did contain the name of the street). The court found the notice "clearly inadequate" and declared the Board's action null and void. Id. at 168-169.
The Appellate Court also found notice of a public hearing inadequate in Koepke v. Zoning Board of Appeals, 25 Conn. App. 611
(1991). The notice there failed to identify the subject matter of the appeal before the ZBA, the location or identification of the property at issue and other facts.
Clearly, a reading of these cases shows that the nature of the application or appeal before the board, the owner of the property at issue and the property address are essential components of a valid notice. Although the unusual nature of Mr. CT Page 7218 Herr's appeal may have made difficult the ZBA's task of publishing adequate notice, there can be no question that the notice which was published was insufficient. It failed to identify the relief sought, the property owner and the property at issue.
The defendants argue that the plaintiff's presence at the public hearing constitutes a waiver of any notice problems and deprives him of the right to claim any jurisdictional defect. In making this argument, the defendants fail to distinguish between personal notice and constructive notice. It is true that a lack of personal notice may be waived by the party entitled to it. Schwartz v. Hamden, 168 Conn. 8, 15 (1975). However, the plaintiff is arguing a lack of constructive notice to the public and this cannot be waived. "Because the public is entitled to constructive notice of the hearing, the fact that some members of the public, including the plaintiff, appeared at the hearing cannot cure the jurisdictional defect." Koepke v. Zoning Board of Appeals, supra at 618-619, citing Cocivi v. Plan Zoning Commission, 20 Conn. App. 705, 708, cert. denied 214 Conn. 808
(1990). The appearance of the complaining party at the public hearing does not cure the jurisdictional defect because to find otherwise would be to frustrate the legislative intent to give constructive notice to the public. Schwartz v. Hamden, supra at 15.
As a result of insufficient notice of the public hearing, the ZBA's action was invalid. This appeal is sustained.
Vertefeuille, J.