[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This action, as it has now devolved, is in two counts, being the original counts three and four of the plaintiffs complaint. Count three is directed to the individual defendant Alan J. Koepke. Count four is directed to the Town of Coventry and various municipal officers and agents — Lewis, Ashley, Elsessner (individually and as town manager). All of the parties move for summary judgment against the adverse parties.
 I Defendant Koepke's Motion
The claim against Koepke is that he tortiously interfered with a contract between the plaintiff and the town of Coventry. The contract, it is claimed, called for the defendant town to take CT Page 687 legal action against Koepke to remove a radio tower if the appeal of decision of Judge Vasington were to be successful before the Appellate Court. There is some language in the agreement which seems to indicate that the enforcement action, following the town's specific success at the Appellate Court may, at the option of the town, be appealed if the end result agreed to-enforcement action is challenged.
The decision of Judge Vasington was affirmed by the Appellate Court, 25 Conn. App. 611. Eventually, in 1994 the Supreme Court directed that the case be remanded to the Zoning Board of Appeals. On June 6, 1995 the zoning board sustained the plaintiffs appeal and on August 1, 1996 the tower was removed. The town also paid $7500 to the plaintiff for a full release of all claims.
The plaintiff appears to claim that there was an oral agreement of one type or another that the town would continue to prosecute the appeal beyond the original appeal to the Appellate Court of Judge Vasington's decision, or that the agreement should be so interpreted. The written contract does not appear to specifically deal with that subject. That may be a matter of contract interpretation. It would be for the trial court to determine whether evidence is admissible on the subject of oral modifications, as such contention implicates the parol evidence rule. Further such contention raises a question as to whether individual employees can modify or abate the contracts of the town itself.
The defendant Koepke claims that the Statute of Limitations would have run on this claim many years ago. However, if the plaintiff is correct as concerns a continuous duty to litigate appeals, the duty would have continued until the termination of the litigation in 1995. This action was brought in 1995. Any claimed interference may be argued to exist throughout the life of the claimed contract.
The defendant further claims that he had no knowledge of the agreement between the town and the plaintiff and hence cannot have interfered with it. This again is a question of fact. The plaintiff cannot be expected to know the defendant's state of knowledge. Her speculation that he might not know of the contract is both opinion and speculation. This type of inquiry is the precise role of examination and cross-examination to determinefactually what did and what did not come to his attention. CT Page 688
The further proffered reason for summary judgment is that the contract between the plaintiff and the town has not been breached. This has been covered previously in this decision.
The motion for summary judgment of the defendant Koepke is denied.
 II Defendant Municipal Employees' Motion
A. As to the second count the municipal defendants move to strike on the grounds that there cannot be tortious interference of contract by someone who is directly or indirectly a party to the contract. More precisely an agent may not be charged with having interfered with the contract of the agent's principal. However, one can be held liable if he did not act legitimately within the scope of his duty and used the corporate power improperly for personal gain. Appleton v. Board of Education, 53 Conn. App. 252, 267 (1999).
A review of the pleadings does not indicate that the actions of the municipal defendants were outside the scope of their duties and that they used the corporate power improperly for personal gain. The term "in bad faith" may be interpreted to imply that the activity was designed for personal gain. As tenuous as this claim may be, the plaintiff should have the opportunity to explore this subject, which should of course be subject to proper discovery by the defendants as to what facts are available to the plaintiff to support a claim of personal gain.
The motion of summary judgment on the second count of the complaint is denied.
B. As to the claim of Breach of Good Faith and Fair Dealing.
The municipal defendants take the position that because the contract was fully performed by the municipality there can be no claim for breach of covenant of good faith and fair dealing. The court has determined that the plaintiff appears to claim that the contract was modified orally and hence was not performed; or should be interpreted to require continuous participation in the appeals. As aforesaid the court cannot reach the issue of performance until the scope of the contract is determined. CT Page 689
The motion for summary judgment as to the third count of the complaint is denied.
 III The Defendant's Motion for Summary Judgment on the Counterclaim
The defendants claim that the plaintiffs, have executed a general release, have breached their contract to settle with the defendants, that they have kept the $7500, and have cost the defendants sums of money in defending the lawsuit brought against them in violation of the terms of the contract. As aforesaid, the question of breach of contract claimed by the plaintiff is not able to be resolved by this motion. Hence, the claim of the municipal defendants are unable to be resolved by this motion. These matters must await trial.
The defendants motion for summary judgment on the counterclaim is denied.
L. P. Sullivan, J.