[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this matter owns real property Consisting of several lots located in a subdivision named "Swan Lake Estates Oxford, Connecticut." Lot 84 of the plaintiff as shown on Plaintiff's Exhibit 2 abuts lots 85 and 86 which at the time of the actions complained of were owned by Richard and Dorothy Kisson. (ROR, Item 2.) On July 16, 1997 the Kissons filed an application for a zoning permit to place a recreational storage building, 12 feet by 20 feet, on lots 85 and 86 with an estimated cost of construction of $1000. This application was approved by one Kelly Robinson, the Zoning Enforcement Officer, on July 17, 1997.
It is from this action that the plaintiff appeals, claiming that the action of the zoning officer was illegal in that the zoning regulations do not permit an accessory building to be placed on property where no building exists. Inasmuch as the plaintiff is the record owner of the land abutting the premises upon which the Kissons placed their storage building, it was stipulated by counsel that the plaintiff is an aggrieved person and accordingly has standing under the law to pursue this appeal.
Some time after the permit was granted the plaintiff became aware of the zoning enforcement officer's actions. No hearing was held in connection with the application as none was required under the regulations and the plaintiff received no notices of the action until presumably he observed the structure in place. Thereafter, he spoke to Ms. Robinson in her official capacity complaining about a trailer on the property as well as the storage shed. The trailer was thereafter removed and the question of the propriety of the shed was raised. Those CT Page 4464 complaints were raised at some time prior to November 24, 1997. (See ROR, Ex. 5.) The plaintiff then on June 8, 1998 put his complaints in writing to Ms. Robinson and requested that Ms. Robinson take action to revoke the permit. (ROR, Ex. 6.) On July 27, 1998 the plaintiff again by letter to the zoning enforcement officer reiterated his complaints and requested that the "violation be corrected." (ROR, Ex. 7.)
On December 16, 1997 the plaintiff by letter to the Planning and Zoning Commission advised the Commission of his actions as respects the zoning enforcement officer and also reminded the Commission of his communications orally with the Commission and again requested the Commission to address the claimed error in the granting of the permit. The minutes of the Planning and Zoning Commission reflect consideration of the circumstances surrounding the granting of the permit beginning on May 6, 1999, June 17, 1999, December 16, 1999, January 20, 2000, February 3, 2000, February 17, 2000 (at which. meeting the plaintiff stated that he intended to appeal to the Zoning Board of Appeals.) The question was taken up by the ZBA at a regular meeting and plaintiff's request to revoke the permit was denied on August 28, 2000 and the reasons therefore were set out in the transcript of their deliberations. (ROR, Ex. 10.) It is from that determination that the plaintiff appeals to this court claiming that the board acted illegally and in abuse of its discretion and that the action taken by the board was not supported by the record. The response of the defendant ZBA is essentially that this appeal of the plaintiff to its Zoning Board of Appeals was not taken within 30 days, as required, from the date on which the permit was granted. To this argument the plaintiff maintains that while the permit was issued on July 17, 1997 it was not until August 28, 2000 that the ZBA denied the plaintiff's complaint with notice being published on September 6, 2000 and the plaintiff's appeal being filed on September 21, 2000. The filing of this appeal occurred 15 days subsequent to the publication of the notice in accordance with Sec. 8-8 (b) C.G.S.
In a case bearing some similarity to the case at hand, Koepke v. ZoningBoard of Appeals, 223 Conn. 171 and also Koepke v. Zoning Board ofAppeals, 25 Conn. App. 611, the court noted that the time period during which the appeal must be filed runs from the time that the permit was issued, which in this case was July 17, 1997 when Ms. Robinson approved the application. While there was correspondence and personal contact thereafter sporadically by the plaintiff to the zoning enforcement officer until the ZBA discussion of the complaints at its meeting of August 28, 2000, the original permit stood as granted and was at no time revoked according to the record. It therefore appears to this court that this appeal must fail because of the lack of the plaintiff to pursue his rights in a timely fashion. It is important to note from the record that the plaintiff had actual or constructive notice of the zoning officer's CT Page 4465 action, many months prior to the filing of his appeal and certainly in excess of 30 days prior to the filing of his appeal with the ZBA.
It further appears that the plaintiff by this action is attempting to require the zoning enforcement officer to revoke the permit issued by her upon his belief that such issuance was not in accord with the zoning regulations of the community of Oxford. The court is of the opinion that he has no legal right to compel a zoning enforcement officer to take any particular action with respect to a property owner application for a zoning permit with the exception of his own. An appropriate remedy would perhaps be an action of mandamus but not by way of an appeal from the ZBA as the plaintiff was not directly affected by the granting of the permit.
Accordingly, the appeal is dismissed.
 ___________________ George W. Ripley II Judge Trial Referee