[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by plaintiffs, Janet Lage and Randy Nixon, from the action of the defendant, Zoning Board of Appeals of the Town of Old Lyme, in granting a variance to defendant, Frank Massa, Jr.
For reasons hereinafter stated, the appeal is sustained.
Plaintiffs have appealed under the provisions of General Statutes § 8-8b, which provides that: "Any person aggrieved by any decision of a board may appeal to the Superior Court. . . ." To establish the aggrievement required by statute, so as to be entitled to appeal a zoning board of appeals decision, a party must allege facts which, if proven, would constitute aggrievement as a matter of law and prove the truth of those factual allegations. Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192 (1996). Here, plaintiffs have properly alleged aggrievement. The evidence indicates that plaintiff, Robert A. Nixon, referred to in the complaint as Randy Nixon, and plaintiff, Janet Lage, acquired property at 46 McCurdy Road in the Town of Old Lyme on June 11, 1982 and have remained in possession of such property. Plaintiffs property is less than 100 feet from the property of defendant Massa at 49 McCurdy Road, for which the variance was granted. It is therefore concluded that plaintiffs are statutorily aggrieved and have standing to prosecute this appeal. Connecticut General Statutes § 8-8 (a)(1),Lewis v. Planning and Zoning Commission, 62 Conn. App. 284, 288 (2001).
No questions have been raised concerning any jurisdictional issues. All notices appear to have been properly published and no jurisdictional defects have been noted.
The record indicates that, by application dated October 30, 2000, defendant Frank S. Massa, Jr., applied to the defendant Board for a variance from the strict application of four sections of the Old Lyme Zoning Regulations.[1] The application states that the variance was needed to allow interior access to an existing exterior pump room. CT Page 16255
The Board held a public hearing on Mr. Massa's application on January 8, 2002. Mr. Massa appeared at the hearing and presented his argument before the Board. Plaintiffs also appeared at the public hearing and objected to the granting of the variance. At the close of the public hearing, the Board granted Mr. Massa's application for the variance. In granting the application, the Board failed to state on the record the reasons for its decision. The variance was granted subject to two conditions set forth in the record.[2]
Within the time allowed by statute, plaintiffs instituted the present appeal.
In deciding appeals such as we have here, the court operates under certain restrictions. The court is not at liberty to substitute its judgment for that of the administrative tribunal. Hall v. Planning Zoning Board, 153 Conn. 574, 577 (1966). The court may only determine whether the Board acted arbitrarily or in abuse of its discretion.Raybestos-Manhattan, Inc. v. Planning Zoning Board, 186 Conn. 466,470 (1982). The decision of defendant Board may be reversed only if it is found that the Board's action was illegal, arbitrary or in abuse of its discretion. Cameo Park Home, Inc. v. Planning Zoning Commission,150 Conn. 672, 677 (1963).
The plaintiffs have the burden of proving that defendant Board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707
(1988).
Plaintiffs have appealed the action of the Board in granting defendant Massa's application for a variance. A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations For this reason, the granting of a variance is generally reserved for unusual or exceptional circumstances. Bloom v.Zoning Board of Appeals, 233 Conn. 198, 206 (1995).
The Board derives its authority to vary the application of the zoning regulations from the provisions of General Statutes § 8-6 (3) and § 52 of the Old Lyme Zoning Regulations.
Variances are, in a sense, the "antitheses of zoning." Zoning is regulation by the municipality of the use of land within the community, and the buildings and structures which may be located thereon, in accordance with a general plan. The General Statutes authorize such regulation of land and the use of buildings. Such regulations, however, must be applied uniformly throughout each district. A variance disrupts CT Page 16256 the conformity and constitutes permission to act in a manner that is otherwise prohibited by the zoning regulations. Simko v. Ervin,234 Conn. 498, 505-506 (1995).
The two basic conditions which must be met for the granting of a variance are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v.Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulations has on other properties in the zone. Dolan v.Zoning Board of Appeals, 156 Conn. 426, 430 (1968).
Where a disadvantageous situation arises from a voluntary act on the part of the applicant, it cannot be considered a hardship and the Board does not have authority to grant a variance Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 39 (1982). The Board is under no duty to extricate an applicant from a self-created hardship. Pollard v. Zoning Board ofAppeals, supra, 44. Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. Krejpico v. ZoningBoard of Appeals, 152 Conn. 657, 662 (1965).
Where, as here, the Board fails to state the reasons for its action on the record, the court must search the record to attempt to find some basis for the action taken. Grillo v. Zoning Board of Appeals,206 Conn. 362, 369 (1988).
The court is not bound to consider any claim of law not briefed. Shawv. Planning Commission, 5 Conn. App. 520, 525 (1985).
At the public hearing held before the Board on January 8, 2002, defendant Massa explained the purpose of the variance requested. He stated that at the rear of his house at 49 McCurdy Road, there was a room attached to the house and a pump room which was not attached to and had no access from inside the house. The two rooms were four feet apart with a concrete slab between them. If the variance was approved, he proposed to combine the two rooms and to incorporate them together with the slab into one room with a common roof which would be joined to the existing roof.
Massa's lot was in the R-40 zone which required a minimum lot size of CT Page 16257 40,000 square feet. The lot was 51, 528 square feet in area, but was nonconforming because it could not accommodate the 150-foot square required by Schedule A-2.3 of regulation § 21.3. Also, the proposed addition would be within the 50-foot rear setback required by § A-2.7 of § 21.3.
The sections of the zoning regulations which the application sought to vary were §§ 8.9.3, 8.8.1, 21.3.3 and 21.3.7.
Section 8 of the regulations deals with nonconformities and § 8.1 states that "[i]t is the intent of these regulations that nonconformities are not to be expanded. . . ." Section 8.9.3 states that no building or lot which does not conform to the requirements of the regulations shall not be enlarged or extended. Section 8.8.1 prohibits the enlargement or extension of buildings which do not conform to the setback requirements of the regulations. Section 21.3.3 refers to the 150-foot square requirement and § 21.3.7 refers to the 50-foot setback requirement.
In seeking a reversal of the decision of the Board to grant the variance, plaintiffs have made four claims, each of which will have to be considered by the court. It is claimed that the record does not support a finding of hardship. As a purchaser with imputed knowledge cannot claim hardship, the Board is bound by its earlier finding of hardship, and defendant Massa should not have been allowed to testify about a claim of hardship not stated in his application and that the Board itself urged upon him.
 I.
Plaintiffs claim that Massa should not have been allowed to testify about a claim of hardship not stated in his application. On the application for the variance, defendant Massa claimed that the hardship upon which he was basing his request for a variance was "[d]egenerative arthritis of the knees and spinal stenosis make it very difficult to walk the grounds. In case of an emergency, such as a winter storm, snow accumulation, or ice . . . there would be extreme difficulty accessing the pump room. Please see attached medicals." In answer to the question on the application indicating that the hardship would be unique and not shared by others in the area because Mr. Massa included the following: "I'm not quite sure how to answer this. With the exterior pump room, and my combined disabilities, having to walk on rough terrain and short distances makes my request unique." A review of the application indicates that physical disability was the sole claim of hardship in the application. CT Page 16258
At the public hearing, defendant Massa explained to the Board why he applied for the variance and then stated, "In addition to that, I have several medical problems that would necessitate . . ." The chairman then informed him that "[t]hose are personal hardships." "And they really don't apply to a variance," to which Massa replied, "I wasn't sure." The discussion then concentrated on the extent of the variance and to the state's condemnation of a portion of the lot for a public highway.
Plaintiffs whose residence was directly across the street from the Massa property, upon being made aware of the variance application, became concerned. There had been a prior variance requested for the lot and an unauthorized building had been allowed on the property. The plaintiffs reviewed the application and consulted their attorney. At the public hearing, plaintiff Lage pointed out that the application claimed the hardship was a medical problem and at the meeting a different claim was being pursued. She stated that she did not have time to prepare for the changed grounds. Plaintiffs also presented to the Board a letter from their attorney dated January 4, 2002 in opposition to the granting of the variance. In the letter, the attorney pointed out a number of reasons why the variance should not be granted. On the essential question of whether a hardship existed, the attorney, relying on the claim in the application, pointed out that the applicant had failed to identify a valid legal hardship.
The first question which must be addressed in this situation where the Board relied on factors outside of the application to determine hardship is the adequacy of the public notice published by the Board. There do not appear to be any Connecticut cases directly in point. General Statutes § 8-7 merely requires notice of the time and place of the Board's hearing. Notice of the hearing is not required to contain an accurate forecast of the precise action which will be taken on the subject matter referred to in the notice. It is adequate if it fairly and sufficiently apprizes those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing, if such action seems desirable. Shroban v.Jensen, 158 Conn. 202, 207 (1969).
Adequate pre-hearing notice is a jurisdictional prerequisite. The public hearing and any decision made are void if such notice has not been given. T. Tondro, Connecticut Land Use Regulation, p. 398 (1992). The notice published by the Board in connection with the hearing in this case appears to have been frugal but adequate. The notice gives the time, date and place of the public hearing. It identifies the applicant and the location of the property at 49 McCurdy Road and the action to be considered "variance to construct a first floor rear addition." KoepkeCT Page 16259v. Zoning Board of Appeals, 25 Conn. App. 611, 617 (1991).
The decided cases require that the public be notified of the contemplated action and not the grounds upon which the applicant relies on to justify its actions. Id. Lunt v. Zoning Board of Appeals,150 Conn. 532, 536-537 (1963); Slagle v. Zoning Board of Appeals,144 Conn. 690, 694 (1957). The notice published here complies with the law and was not jurisdictionally defective. Where the notice was adequate, it still must be considered whether the Board's action was illegal, arbitrary or in abuse of its discretion. Cameo Park Home, Inc.v. Planning Zoning Commission, supra, 150 Conn. 677. A review of the transcript of the public hearing leads to the conclusion that plaintiffs were not unduly prejudiced by the change in grounds for the hardship finding. Plaintiffs were able to attack the sufficiency of the application, the problems with the maps relied upon by Massa and to present arguments as to why the variance should not be issued.
While it is true that the letter from their attorney presented to the Board at the public hearing by the plaintiffs was based upon the lawyer's impression that the hardship claim was a medical disability, hardship was only a part of the argument expressed in the letter. In the letter, the attorney also correctly pointed out what the Board would have to consider in determining the question of hardship. Considering the applicable law and the facts of this case, it cannot be found that in proceeding as it did to consider matters outside of the application, the Board acted illegally or in abuse of its discretion.
No claim of procedural due process having been made, none will be considered.
 II.
Plaintiffs claim that the Board is bound by its previous decision denying a variance application for the same property. At the public hearing, plaintiffs reminded the Board that in 1994, there had been an earlier application for a variance by a prior owner of the same lot, which had been rejected because of insufficient evidence of hardship. Plaintiffs argued to the Board that the taking by the state and the changed shape of the lot resulting from the taking were brought up in the previous application with no hardship found. The record of the previous variance was not put into evidence for the Board to consider and incorporated into its records.[3] The chairman of the Board replied that this application was different in that the previous application involved a change in use from residential to business. CT Page 16260
Plaintiffs cite Daw v. Zoning Board of Appeals, 63 Conn. App. 176
(2001), as authority for their argument. In that case, the Board did find hardship, but on appeal, the Board's decision was reversed after the court determined that the record did not allow a finding of hardship. The property owner later reapplied for a variance on the same grounds. On appeal, it was determined that the previous court decision on the identical issue was res judicata and that the hardship issue could not be relitigated. Id., p. 182.
In the present case, there is nothing to indicate that the Board's previous decision was appealed to court. Although there was discussion on the record concerning the previous application, the record is silent as to the specific claims of hardship made by the previous applicants, which section of the regulations it sought to vary and what reasons, if any, were given by the Board for denial of the variance.
It is noted also that the previous application involved a change in use and would therefore be subject to the provisions of § 52.4 of the zoning regulations. This section was inapplicable to the present variance request.
Also, before the prior variance request could be granted, the Board would have to find, not only that a legal hardship existed, but that the variance would not affect substantially the comprehensive zoning plan.Grillo v. ZBA, supra, 206 Conn. 368. That may well have been a substantial factor in the Board's denial of a variance to allow a commercial activity in the residential zone.
Upon review of the entire record, it is found that plaintiffs have failed to prove that the Board abused its discretion in considering Massa's application after its previous determination concerning the same property.
 III.
The record indicates that before applying for the variances, which are the subject of this appeal, Mr. Massa sought a zoning permit. The zoning officer rejected his application because of the nonconforming status of the lot. Massa then proceeded with the variance application. In his testimony before the Board, Mr. Massa claimed that he was not previously aware of the nonconforming status of his lot. It is plaintiffs claim that Mr. Massa is precluded from claiming hardship on the grounds of lack of knowledge that his lot was nonconforming.
The plaintiffs dispute Mr. Massa's assertion that he was unaware of the CT Page 16261 status of his lot. Whether he was actually aware of the nonconforming status of his lot when he purchased it is irrelevant. By virtue of the zoning regulations in effect, Mr. Massa was charged with notice that the property did not conform to the regulations. Kalimian v. Zoning Board ofAppeals, 65 Conn. App. 628, 632-633 (2001). On purchasing the property, Mr. Massa subjected himself to the "purchase with knowledge rule," 9R Fuller, Connecticut Practice Series: Land Use Law and Practice (2d Ed. 1999) § 9.4, p. 190, id., p. 632. Plaintiffs are therefore correct in their assertion that Mr. Massa's knowledge, or lack of knowledge, of the nonconforming status of the lot would not be a valid reason for a finding of hardship or the granting of a variance.
 IV.
Before the Board could grant a variance to Mr. Massa, it would have to find that because of some peculiar characteristic of his property, the strict applications of the zoning regulations produced an unusual hardship as opposed to the general import which the regulations have on other properties in the same zone. Dolan v. Zoning Board of Appeals, supra, 156 Conn. 430. Plaintiffs contend that the record does not support such a finding of hardship in this case.
In its brief, the Board contends that it found hardship in the shape of the lot, that this hardship was created when the state took a portion of the property in the 1 950s and that the taking by the state caused the lot dimensions to become nonconforming. It is claimed that other findings supportive of the granting of the variance were also made and that when the Board has stated the reasons for its decision, the court is not at liberty to probe beyond it.
Unfortunately, despite the requirements of Connecticut General Statutes § 8-7 and § 52.2 of the zoning regulations, the Board failed to give specific formal reasons for its decision. The chairman, and other members of the Board, contributed their thoughts on the matter, but the Board did not make the formal, collective statement of reasons for its actions as required by the statute or its own regulations. ProtectHamden/North Haven from Excessive Traffic and Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 544 (1991); Giarrantano v. ZoningBoard of Appeals, 60 Conn. App. 446, 452 (2000).
In reviewing the action of the Board here, the court may not substitute its judgment for that of the Board. Hall v. Planning Zoning Board, supra, 153 Conn. 577. Review by the court of the Board's decision is not a de novo adjudication. The court is limited to a review of the evidence and reasoning the Board has placed on the record. If the record CT Page 16262 reasonably supports the Board's conclusion, such decision cannot be disturbed by the court. Eagen v. Zoning Board of Appeals,20 Conn. App. 561, 563 (1990). Whereas here, the Board failed to state the reasons for its action, the court must search the record to attempt to find some basis for the Board's decision. Grillo v. Zoning Board ofAppeals, supra, 206 Conn. 369.
In examining the record, th court is mindful of the fact that the Board is presumed to be familiar with the circumstances involved here. SuffieldHeights Corporation v. Town Planning Commission, 144 Conn. 425, 427-8
(1957). This is particularly true here where the Board previously decided similar issues concerning the same lot.
There is evidence in the record that the property in question was part of a 1928 subdivision entitled Old Lyme Estates. At that time, this lot was shown as eight separate lots. In the 1950s, the state took 7.5 feet of the land for the construction of Shore Road (Route 156).
In their discussions on the record, members of the Board stated that it was the taking by the state which altered the shape of the lot so that the 150-foot square would not fit. Condemnation of land so that it no longer conforms to the zoning regulations has been held to create a hardship. Smith v. Zoning Board of Appeals, 174 Conn. 323, 328 (1978).
Unfortunately, there is nothing in the record here to show how the condemnation affected the property. The Board was entitled to accept Mr. Massa's assertion that the state took 7.5 feet of the property, but there is no map or other documentation to show what was actually taken. There is nothing in the record to show how the property was configured before or after the taking or how the taking itself rendered the property nonconforming.
The lack of evidence on this point in all probability resulted from the way in which the variance request was presented at the public hearing. At the hearing, Mr. Massa was relying upon his medical condition to show hardship and it was the Board which suggested that the condemnation claim would be appropriate. In this situation, it was understandable that Mr. Massa did not place in the record any evidence concerning the effect of the condemnation on his property. The record contains the zoning regulations in effect at the time of the variance application.
There was no evidence before the Board, or part of the record returned to court, to indicate what zoning regulations existed at the time of the taking or when the regulations sought to be varied became effective. If the regulations came into effect after the taking, a non-conforming lot CT Page 16263 would have been created, but it is doubtful if hardship could be attributed to the taking.
The variance request sought relief from the provisions of 8.81 of the zoning regulations which prohibited enlargement or extension of buildings which did not conform to the setback requirement. The regulations require a 50-foot minimum front yard setback. Mr. Massa's application indicated that he could only provide a 40-foot setback. The map submitted in connection with his application indicated a proposed 25-foot setback. Even if the 7.5 foot taking could somehow be shown to relate to the setback, it would be insufficient to show the hardship required by law.
An examination of the record leads to the conclusion that the decision of the Board is not reasonably supported by the record.
 IV.
As previously noted, the Board granted the variance application without a formal collective statement of the reasons for its actions required by Connecticut General Statutes § 8-7. This required the court to search the record to determine if the record supported the decision. The Board also failed to conform to the provisions of § 52.2 of its own regulations. This section provides as follows:
 52.2 Policy for Grant of Variances: It shall be the policy of the Zoning Board of Appeals, when exercising the power to determine and vary the application of these Regulations as described in Par. 52.1.3, to make all of the following findings:
 52.2.1 that there exist conditions, fully described in the findings, especially affecting the parcel of land for which a variance is sought, as a result of which conditions a literal enforcement of these Regulations would result in exceptional difficulty or unusual hardship;
 52.2.2 that such conditions do not affect generally the district in which the parcel is situated;
 52.2.3 that, for reasons fully set forth in the findings, the variance is necessary to relieve the exceptional difficulty or unusual hardship and is the minimum necessary to accomplish such purpose; and
52.2.4 that the variance will be harmony with the purpose and intent of these Regulations and will conserve the public health, safety, CT Page 16264 convenience, welfare and property values.
Whereas here, the regulations have a requirement for the Board to make specific findings, such as the special circumstances amounting to hardship, the Board must make them. 9R Fuller, Land Use, Law andPractice (2d Ed. 1999) § 9.5, p. 191 and § 33.6, p. 170. In granting the variance without complying with § 52.2 of its own regulations the variance was not properly granted. Gross v. Planning Zoning Board of Appeals, 171 Conn. 326, 328 (1976); Carlson v.Zoning Board of Appeals, 158 Conn. 86, 90 (1969); Gregorio v. ZoningBoard of Appeals, 155 Conn. 422, 428-9 (1967).
 V.
Accordingly, judgment is rendered for the plaintiff sustaining the appeal.
 ___________________ Joseph J. Purtill Judge Trial Referee